MARION ET AL., APPELLEES, *v.* BAKER, APPELLEE; NATIONWIDE INSURANCE COMPANY, APPELLANT.

(No. 87AP-580 — Decided
October 6, 1987.)

*Ronald E. Plymale Co., L.P.A.,*
and *Stephen D. Plymale,* for appellees
Ned and Betty Marion.
*Gayton, Tilton & Endres* and
*Charles W. Gayton,* for appellee Danny
J. Baker.
*Chorpenning, Good & Mancuso
Co., L.P.A.,* and *John E. Hykes,* for appellant.

YOUNG, J. This matter is before this court based on the trial court's denial of appellant Nationwide Insurance Company's motion to intervene. Appellant's insured, Ned Marion, was involved in an automobile collision with a car driven by Danny J. Baker. The accident occurred on January 14, 1985. As a result of personal injuries sustained and property damage, Marion made a demand upon appellant for $3,136.99. On September 30, 1985, Marion filed suit in Franklin County Court of Common Pleas naming Baker as defendant. Appellant filed suit in Franklin County Municipal Court against Baker on January 20, 1987. Baker filed an answer, asserting several defenses, and referred the court to the lawsuit that had previously been filed in Franklin County Court of Common Pleas. On April 3, 1987, appellant filed a motion to intervene in that suit to protect its subrogated interests. Baker objected and both parties filed briefs. Appellant's motion to intervene as a party-plaintiff was overruled because it was filed untimely. The original case was dismissed with prejudice on June 8, 1987, after the parties reached a settlement agreement.

Appellant now comes before this court and asserts the following sole assignment of error:

"Whether the trial court erred in ruling that appellant Nationwide Insurance Company's motion to intervene was not timely filed."

Appellee contends that since the entry denying appellant's motion to intervene was filed May 13, 1987, and that appellant's notice of appeal was filed June 26, 1987, appellant's notice of appeal was not filed within the thirty days required by App. R. 4(A).

Upon review of the record, there are two entries overruling appellant's motion to intervene. The original entry is dated May 13, 1987, and the second entry is dated June 1, 1987. The first entry was apparently addressed to appellant's former attorney but was mailed to an incorrect address. The fact that the trial court saw fit to submit a second entry is indicative of the fact that the trial court sought to correct a mistake. Therefore, this court will give deference to the trial court in that its purpose was not to extend the time within which to appeal. Inasmuch as appellant is entitled to some type of reasonable notice, this court will abide by the second entry, which is dated June 1, 1987. See *Ohio Valley Radiology Assoc., Inc.* v. *Ohio Valley Hosp. Assn.* (1986), 28 Ohio St. 3d 118, 28 OBR 216, 502 N.E. 2d 599.

Accordingly, since the notice of appeal was filed on June 26, 1987, appel-

lant is well within the thirty-day time requirement of App. R. 4(A).

Appellant asserts in his sole assignment of error that the trial court erred in overruling appellant's motion to intervene. Appellee objected to appellant's motion to intervene on the basis that the motion was time-barred pursuant to the two-year statute of limitations as set forth in R.C. 2305.10. The car accident that gave rise to this litigation occurred on January 14, 1985. On September 30, 1985, Marion filed suit in common pleas court against Baker. However, Marion's complaint did not comport with Civ. R. 19(C) in acknowledging the existence of subrogee, Nationwide Insurance, to the trial court. On January 20, 1987, appellant filed an untimely suit against Baker in municipal court. Baker answered appellant's complaint and referred the court to the lawsuit which was pending in common pleas court. Subsequently, on April 3, 1987, appellant filed a motion to intervene in the lawsuit pending in common pleas court, and the issue then became whether appellant's motion to intervene was time-barred pursuant to R.C. 2305.10.

In *Natl. Retailers Mut. Ins. Co.* v. *Gross* (1943), 142 Ohio St. 132, 26 O.O. 337, 50 N.E. 2d 258, the court held that in an action instituted by an assignee within the statutory period, the defendant was able to make the assignor a new party and file a counterclaim in a cross-petition against him after the time period had elapsed. The court went on to say that the general rule under such circumstances is that the filing of the cross-petition relates back to the time the action was commenced. *Natl. Retailers, supra,* at 134, 26 O.O. at 338, 50 N.E. 2d at 259.

In applying the rationale of *Natl. Retailers* to the case at bar, the subrogee, Nationwide Insurance, is not barred by the statute of limitations from joining in an action against appel-lee where the insured, Ned Marion, filed the action before the expiration of the two-year period. See, also, *Holibaugh* v. *Cox* (1958), 167 Ohio St. 340, 4 O.O. 2d 461, 148 N.E. 2d 677.

At the time of the commencement of the lawsuit, September 30, 1985, appellant, Nationwide Insurance, was a party necessary for a just adjudication. See Civ. R. 19.

Civ. R. 19(A) states in pertinent part:

"(A) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if * * * (3) he *has an interest* relating to the subject of the action *as an* assignor, assignee, subrogor, or *subrogee.* * * *" (Emphasis added.)

Furthermore, appellant would have been permitted to intervene at the time of the commencement of the lawsuit, September 30, 1985, since appellant was the other party to a split claim in the same cause of action. The civil rule which sets forth the requirements for intervention, Civ. R. 24, states in pertinent part as follows:

"(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(B) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim

or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In the instant case, the insured, Ned Marion, in the absence of either party raising the issue of joinder, maintained an action against Danny J. Baker in his own name for the full amount of damages, even though he had subrogated part of the claim to his insurer, Nationwide Insurance.

"It is seen that, upon the timely commencing of an action by an injured insured against the tort-feasor, the tort-feasor is put on notice that he must defend the action and, pursuant to that end, must search out the evidence needed for such defense. That evidence, if existent, is identical with that which such tort-feasor must search out in order to defeat an action by the insured's subrogee, and to find that under such circumstances the subrogee is foreclosed from asserting his rights in 'the subject of a single cause of action' (as described in * * * [Lake Erie & Western Rd. Co. v. Falk (1900), 62 Ohio St. 297, 56 N.E. 1020] * * *) merely because he is not made a party prior to the running of a statute of limitations, the period of which (if we are to follow the rationale of * * * [Neilson v. Fry (1866), 16 Ohio St. 552]' * * *) is primarily directed to the transitory nature of evidence concerning negligence, is to attribute to such statute a much narrower meaning than it was meant to have and to give a tort-feasor an advantage not intended thereby.

"These reasons support our previ-

ous conclusions, and they also defeat defendant's argument that the insurance company is guilty of laches by clearly indicating that upon the institution of the action by the insured the defendant was put on notice that he was to be held to account for the alleged tort and thereby was not prejudiced by the mere failure of the insurer to join, or be joined, in the action prior to the running of the statute of limitations.

"It follows that the trial court committed no error in allowing the insurance company in the instant case to be joined as a party to the action, even though such joinder was requested over two years from the time the cause of action arose." Holibaugh, supra, at 347-348, 4 O.O. 2d at 466, 148 N.E. 2d at 682-683.

Therefore, in applying the relation-back concept of Natl. Retailers and the rationale of Holibaugh, the trial court erred in dismissing appellant's motion to intervene since appellant's intervention would have been proper at the time the lawsuit was filed on September 30, 1985. Accordingly, the settlement agreement entered into by Ned Marion and Danny J. Baker has no effect since appellant was denied the right to assert its part of the claim against Danny J. Baker. The effect of this court's disposition of appellant's sole assignment of error is to return the parties to the position which each held before Ned Marion and Danny J. Baker reached a settlement agreement and prior to the time that the case was dismissed on June 8, 1987.

Accordingly, appellant's sole assignment of error is well-taken and is sustained. The judgment of the Franklin County Common Pleas Court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

McCORMAC and BOWMAN, JJ., concur.