**CINCINNATI INSURANCE COMPANY et al.**

v.

**TWEDELL et al.**

Cleveland Municipal Court, Ohio.

No. 97 CVE 05048.

Decided Dec. 17, 1998.

26

*Berlon & Timmel* and *John Spellacy,* for plaintiff Continental Insurance Company.

*Scott A. Rumizen; Gallagher, Sharp, Fulton & Norman* and *Todd M. Haemmerle,* for defendant Bradley Twedell.

*Davis & Young* and *Timothy L. Kerwin,* for third-party defendant Scott Zimmerman.

*Terrence J. Kenneally & Associates* and *Sean P. Allan,* for intervenor Arnold Trucking, Inc.

---

ROBERT J. TRIOZZI, Judge.

The issue before the court is Arnold Trucking, Inc.'s ("Arnold's") motion to intervene filed on September 9, 1998.

Prior to addressing this issue, the following is an overview of the pending pleadings.

On February 27, 1997, plaintiffs Cincinnati Insurance Company and Dennis Spiss filed a complaint based upon a motor vehicle accident which occurred on December 22, 1995. Plaintiffs sued defendants Bradley Twedell ("Twedell") and Scott Zimmerman ("Zimmerman"). On June 12, 1997, plaintiffs dismissed Zimmerman with prejudice. On August 26, 1997, Twedell filed a $50,000 cross-claim for personal injuries against the previously dismissed Zimmerman. This cross-claim was filed with leave of court and served upon Zimmerman by regular mail. To date, Zimmerman has not filed a response to the cross-claim. On December 10, 1997, Twedell filed an amended third-party complaint for contribution and/or indemnification against third-party defendant Zimmerman. On March 30, 1998, Zimmerman answered the plaintiffs' complaint and filed a cross-claim for contribution and/or indemnification against Twedell. On this same date, March 30, 1998, Zimmerman answered Twedell's amended third-party complaint. On May 29, 1998, Twedell answered Zimmerman's cross-claim. On September 9, 1998, Arnold filed this motion to intervene and a counterclaim against Twedell based upon property damage to Arnold's vehicle. On September 24, 1998, Twedell filed

a motion to dismiss Arnold's counterclaim. *Arnold's motion to intervene was filed after the expiration of the statute of limitations.*

Pursuant to Civ.R. 24 and *Marion v. Baker* (1987), 42 Ohio App.3d 151, 537 N.E.2d 232. Arnold is requesting permission to intervene as a third-party defendant so that it may join Zimmerman's property damage claim in the form of a counterclaim against Twedell for property damage to its vehicle. In its motion, Arnold alleged that Zimmerman was driving its truck at the time of the accident.

The threshold issue is whether this court has the authority to permit a party to intervene after the expiration of the statute of limitations.

Civ.R. 24(A) states the following:

"Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the claimant claims an interest related to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Civ.R. 24(B) authorizes a party to intervene as a permissive intervenor if the request is made prior to the expiration of the statute of limitations. This division does not apply to Arnold's motion; rather, it is Civ.R. 24(A)(2) that applies. Also, under Civ.R. 24(C), a pleading must accompany a motion to intervene.

Pursuant to Civ.R. 24(A)(2), a motion to intervene must satisfy a two-prong test. It must be timely, and the claim must satisfy the language of Civ.R. 24(A)(2). The timeliness of a motion to intervene has two aspects: timeliness in regard to the statute of limitations and timeliness in the context of trial proceedings. If the motion is not timely as to the statute of limitations, then the court would not consider the timeliness in the context of the trial proceedings.

As a general rule, a party may not intervene into a cause of action after the expiration of the statute of limitations. There is an exception to this general rule; a movant may intervene in an action after the expiration of the statute of limitations if the movant is a real party in interest, that is, a co-owner of a pending claim. As stated in *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 14 O.O.3d 125, 396 N.E.2d 491, "the proper analysis appears to be that a person who claims an independent cause of action cannot be brought into the original action after the expiration of the statutory period, but where the cause of action is the same, a suit commencing within the statutory period inures to the benefit of the person who was brought in after the statute of limitations has run." In other words, if the movant who is attempting to intervene into the action is united in

interest or a co-owner of a pending claim, the movant has the right to intervene regardless of the statute of limitations. The rationale for this lies in Civ.R. 17.

Civ.R. 17(A) states the following:

"Real party in interest. Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. *Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*" (Emphasis added.)

Therefore, if the movant establishes that it is united in interest or a co-owner of a claim in a pending action, then the movant is a real party in interest. If this is established, then the court must join the real party in interest along with the movant's intervening pleading. Once joined, the intervening pleading relates back to the date the claim was filed by the co-owner to whom the movant is joined. See *Holibaugh v. Cox* (1958), 167 Ohio St. 340, 4 O.O.2d 461, 148 N.E.2d 677, and *Marion, supra.*

By analogy, if an existing party, rather than a "nonparty" movant, raises the issue of nonjoinder of a real party in interest (Civ.R. 19) after the expiration of the statute of limitations, the court is obliged to join the real party in interest under Civ.R. 17. Such a joinder of a necessary party relates back to the date the action commenced.

In a motion to intervene, a nonparty, by and through the nonparty's pleading, is requesting to be joined. Logically, if a court is required to join a real party in interest if raised by a party, even after expiration of the statute of limitations, then the court must do the same if raised by a nonparty intervenor as long as the intervenor qualifies as a real party in interest. As stated in *Nationwide Mut. Ins. Co. v. Collins* (Cleveland M.C.1985), 23 Ohio Misc.2d 22, 25, 23 OBR 187, 190, 491 N.E.2d 407, 410, "When a unitary cause of action is owned by more than one person, each co-owner of that unitary cause of action is a real party in interest with respect thereto, and the action is not brought in the name of the real party in interest unless all such co-owners are joined as co-plaintiffs. But if one such co-owner has not been made a party plaintiff, the failure to prosecute the action in the name of the real party in interest can be cured by the joinder of the absent co-owner. Then, such joinder shall have the same effect as if the action had been commenced in the name of the real party in interest."

In essence, a court is obligated to grant a motion to intervene if the movant establishes that it is a real party in interest, that is, a co-owner of a pending

claim. If this is established then Civ.R. 24(A)(2) is satisfied. The intervening party and pleading relate back to the date the action was filed by the other real party in interest or co-owner of the claim by operation of Civ.R. 17. This makes the motion to intervene timely.

The analysis under Civ.R. 24 is reversed. Despite the first line under Rule 24 which requires a timely application, it is the status as a real party in interest that makes an otherwise untimely motion to intervene timely.

Turning to Arnold's motion to intervene under Civ.R. 24(A), is the motion timely? The answer is no. For this motion to be timely for purposes of the statute of limitations, Arnold must establish that it is a real party in interest so that the intervening pleading will relate back to the date the action commenced under Civ.R. 17. Arnold is not a real party in interest or the co-owner of a pending claim. Arnold argued that it must be joined to Zimmerman's property damage claim. Zimmerman never asserted a property damage claim for damage to Arnold's vehicle. Therefore, there is no claim to which Arnold can be joined. The only claim Zimmerman asserted was a cross-claim for contribution and/or indemnification against Twedell. Therefore, Arnold's intervening counterclaim for property damage to its vehicle is an independent cause of action and barred by the statute of limitations. In other words, under Civ.R. 24(A), the motion is not timely. Had Zimmerman asserted a timely property damage claim, the court would be obligated to join Arnold as a real party in interest under Civ.R. 17. Civ.R. 17 does not authorize the court to join a party to an action to assert an independent cause of action.

Based upon the foregoing, Arnold Trucking, Inc.'s motion to intervene is denied as untimely. Arnold's counterclaim is stricken from the file.

*Judgment accordingly.*