OPINION *Page 2 
{¶ 1} On November 13, 2004, appellants, Goldie and Guy Owens, were involved in an automobile collision, allegedly caused by the negligence of appellee, Connie Smith. At the time of the accident, appellants were insured under an automobile policy issued by State Farm Fire and Casualty Company. State Farm paid appellant Goldie Owens $4,393.56 for collision coverage and $2,833.00 for medical payments coverage.
 {¶ 2} On June 15, 2005, State Farm filed a complaint against appellee claiming she was negligent and caused the accident. On February 2, 2007, appellants sought to intervene in the case. By order filed February 12, 2007, the trial court granted the motion.
 {¶ 3} On April 4, 2007, appellee filed a motion for summary judgment on appellants' complaint. By summary judgment entry filed May 7, 2007, the trial court granted the motion, finding appellants filed their intervening complaint beyond the statute of limitations, and their claims did not relate back to State Farm's complaint.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT FINDING THAT INTERVENING PLAINTIFFS WERE NOT REAL PARTIES IN INTEREST AND THAT THEIR CLAIMS DO NOT RELATE BACK UNDER CIV.R. 15(C) TO THE DATE OF THE FILING OF THE *Page 3 
ORIGINAL ACTION FILED BY PLAINTIFF, STATE FARM FIRE AND CASUALTY COMPANY."
 II {¶ 6} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE LEAVE TO FILE SUMMARY JUDGMENT AND THEN GRANTING SUMMARY JUDGMENT ON THE ISSUE OF INTERVENING PLAINTIFF-APPELLANTS COMPLAINT AFTER PREVIOUSLY ORDERING INTERVENTION PURSUANT TO APPELLANTS MOTION TO INTERVENE."
 I {¶ 7} Appellants claim the trial court erred in granting appellee's motion for summary judgment. We agree.
 {¶ 8} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 9} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274." *Page 4 
 {¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 11} In its summary judgment entry filed May 7, 2007, the trial court found the "relation back doctrine" did not apply:
 {¶ 12} "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Civ.R. 15(C).
 {¶ 13} In its entry, the trial court reasoned the only issue was State Farm's "subrogation claims for amounts it paid to the Owens. It does not seek to recover any part of the Owens' remaining claims against defendant Smith. State Farm is the only real party in interest as to the claims it filed in this case." The statute of limitations had passed before appellants sought to intervene therefore, the matter was dismissed.
 {¶ 14} State Farm's timely complaint filed on June 15, 2005 against appellee included the following averments: *Page 5 
 {¶ 15} "2. On 11/13/04, in Mansfield, Richland County, Ohio, the Defendant negligently operated a motor vehicle whereby she caused a collision to occur between the vehicle she was operating and a motor vehicle owned and occupied by the Insured.
 {¶ 16} "3. As a direct and proximate result of said negligence, the Insured incurred damage to her motor vehicle in the amount of $4,643.56.
 {¶ 17} "4. As a further direct and proximate result of said negligence, the Insured (and/or the other occupants of the Insured's vehicle, GUY OWENS, ALBERTA SEAGRAVES AND HANNAH HICKLE) incurred personal injuries, medical bills, pain, suffering and other related damages."
 {¶ 18} The complaint prayed for damages in excess of $25,000 despite the fact that the subrogated amount as averred was less than $25,000.
 {¶ 19} In her answer filed August 16, 2005, appellee included the following defenses: failure to join a necessary party under Civ.R. 19, comparative negligence of appellants, proximate and superseding causes, State Farm not being a real party in interest, and sudden emergency.
 {¶ 20} On February 2, 2007, appellants sought to intervene. By order filed February 12, 2007, the trial court granted the motion, and the intervening complaint was filed same date.
 {¶ 21} As our brethren from the Tenth District noted in Marion v.Baker (1987), 42 Ohio App.3d 151, if a party could qualify under Civ.R. 19(A) or (B), then the intervening subrogor can be joined. Civ.R. 19(A) and (B) state the following:
 {¶ 22} "(A) Persons to be joined if feasible *Page 6 
 {¶ 23} "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas.
 {¶ 24} "(B) Determination by court whenever joinder not feasible
 {¶ 25} "If a person as described in subdivision (A)(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice *Page 7 
can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
 {¶ 26} Under a plain reading of State Farm's complaint and appellee's answer and affirmative defenses, appellants have "an interest relating to the subject of the action" i.e., liability in negligence, and a determination would impair their ability to recover. Also, the claims of appellants and State Farm as well as the defenses raised by appellee have questions of fact and law in common. As the Marion court noted at 154, quoting Holibaugh v. Cox (1958), 167 Ohio St. 340, 347:
 {¶ 27} "`It is seen that, upon the timely commencing of an action by an injured insured against the tort-feasor, the tort-feasor is put on notice that he must defend the action and, pursuant to that end, must search out the evidence needed for such defense. That evidence, if existent, is identical with that which such tort-feasor must search out in order to defeat an action by the insured's subrogee, and to find that under such circumstances the subrogee is foreclosed from asserting his rights in "the subject of a single cause of action" (as described in * * *[Lake Erie Western Rd. Co. v. Falk (1900), 62 Ohio St. 297, 56 N.E. 1020] * * *) merely because he is not made a party prior to the running of a statute of limitations, the period of which (if we are to follow the rationale of * * * [Neilson v. Fry (1866),16 Ohio St. 552] * * *) is primarily directed to the transitory nature of evidence concerning negligence, is to attribute to such statute a much narrower meaning than it was meant to have and to give a tort-feasor an advantage not intended thereby." *Page 8 
 {¶ 28} We are hard pressed to say that the subrogee can join in but the insureds with outstanding claims cannot join in the case sub judice. We find under the relation back doctrine, appellants' claims are not time-barred by the statute of limitations. The trial court erred in granting summary judgment to appellee.
 {¶ 29} Assignment of Error I is granted.
 II {¶ 30} Based upon our decision in Assignment of Error I, this assignment is moot.
 {¶ 31} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed. By Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1