[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 501.]

THE STATE EX REL. FIRST NEW SHILOH BAPTIST CHURCH, APPELLEE, *v.*
MEAGHER, JUDGE; ROBINSON ET AL., APPELLANTS.

[Cite as *State ex rel. First New Shiloh Baptist Church v. Meagher*, 1998-Ohio-192.]

*Civil procedure—Court properly denies postjudgment motion to intervene, when—Civ.R. 24, construed and applied.*

(No. 97-1543—Submitted June 9, 1998—Decided August 5, 1998.)

APPEAL from the Court of Appeals for Hamilton County, No. C-960371.

———————————

{¶ 1} Appellants, several individual members of appellee First New Shiloh Baptist Church, filed a complaint in the Hamilton County Court of Common Pleas to oust the church's pastor, Michael Cash. Appellants claimed to represent the church as its board of trustees. The common pleas court dismissed the complaint because it concluded that under the church's constitution, the proper governing body of the church was its board of directors rather than the board of trustees.

{¶ 2} The church, as authorized by the board of directors, then filed suit in the common pleas court to recover from appellants the funds the church expended in defending against appellants' previous suit as well as two criminal cases in which Cash was charged with trespassing on church property. Appellants filed an answer and a third-party complaint naming the church and the members of the church's board of directors as third-party defendants. Among other things, appellants again requested that Cash be ousted as pastor of the church. Appellee Hamilton County Common Pleas Court Judge John M. Meagher overruled the third-party defendants' motions to dismiss appellants' third-party complaint for lack of subject-matter jurisdiction. Judge Meagher ordered that the church's financial records be audited

and that an election be held to determine whether Cash should continue as pastor of the church.

**{¶ 3}** Shortly thereafter, in May 1996, the church filed a complaint in the Court of Appeals for Hamilton County, naming Judge Meagher as the sole respondent. The church requested a writ of prohibition to prevent Judge Meagher from exercising jurisdiction over appellants' third-party complaint. The church and Judge Meagher filed evidence and memoranda, and the court of appeals granted appellants leave to file an *amicus curiae* memorandum seeking denial of the writ.

**{¶ 4}** In April 1997, the court of appeals granted the writ of prohibition. The court of appeals held that appellants' third-party claims related to ecclesiastical matters outside the jurisdiction of the common pleas court. By letter dated May 12, 1997, Judge Meagher's attorney advised appellants that he would neither appeal nor request reconsideration of the court of appeals' judgment. On May 15, appellants filed a motion to intervene as of right under Civ.R. 24(A)(2) in the prohibition action in order to request reconsideration and appeal the issuance of the writ. In June 1997, the court of appeals denied appellants' motion to intervene.

**{¶ 5}** This cause is now before the court upon appellants' appeal as of right.

_____

*Arthur C. Church Co., L.P.A.*, and *Arthur C. Church*, for appellee.
*William D. Bell, Sr.*, for appellants.

_____

***Per Curiam.***

**{¶ 6}** In their sole proposition of law, appellants assert that the court of appeals erred in denying their postjudgment motion to intervene. The church, however, contends that the court of appeals properly denied appellants' motion to intervene because it was not timely under Civ.R. 24.

**{¶ 7}** Civ.R. 24, which is patterned after Fed.R.Civ.P. 24, see Staff Notes to Civ.R. 24, provides:

"(A) Intervention of right.

"*Upon timely application* anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (Emphasis added.)

{¶ 8} A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion. See *S. Ohio Coal Co. v. Kidney* (1995), 100 Ohio App.3d 661, 672, 654 N.E.2d 1017, 1024, citing *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 352, 29 OBR 479, 480-481, 505 N.E.2d 1010, 1012-1013; see, also, *Grubbs v. Norris* (C.A.6, 1989), 870 F.2d 343, 345-346, in which the federal appellate court, in analyzing the similarly worded federal rule, held that "a trial court's decision with respect to the timeliness of a motion to intervene is reviewed under an abuse of discretion standard."[1] An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, 1283.

{¶ 9} Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. *Norton v. Sanders* (1989), 62 Ohio App.3d 39,

---

1. This unanimity in application of the abuse of discretion standard of review of timeliness determinations under Civ.R. 24 contrasts with the differing positions taken by courts concerning the applicable standard of review for a trial court's determination of the satisfaction of the other requirements for intervention of right. See, generally, 1 Klein & Darling, Civil Practice (1997) 990-991, Section AT 24-4, and cases cited therein, where the authors note that while most federal courts of appeals hold that, in ruling on an application for intervention of right, the determination of timeliness is reviewed for abuse of discretion and the determination of the applicant's satisfaction of other Fed.R.Civ.P. 24(a)(2) requirements is reviewed on a *de novo* or plenary basis, Ohio courts have applied an abuse of discretion standard for all of the Civ.R. 24(A)(2) intervention of right requirements.

42, 574 N.E.2d 552, 554; *NAACP v. New York* (1973), 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648, 663. The following factors are considered in determining timeliness: "(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Triax Co. v. TRW, Inc.* (C.A.6, 1984), 724 F.2d 1224, 1228.

{¶ 10} Appellants assert that the court of appeals abused its discretion by denying their motion to intervene, which was timely filed. This assertion, however, is meritless and the court of appeals could have reasonably found that appellants' motion to intervene was untimely for the following reasons.

{¶ 11} First, the prohibition action had already proceeded to final judgment when appellants filed their motion to intervene. Intervention after final judgment has been entered is unusual and ordinarily will not be granted. *State ex rel. Gray Road Fill, Inc. v. Wray* (1996), 109 Ohio App.3d 812, 815, 673 N.E.2d 198, 200; *Kourounis v. Raleigh* (1993), 89 Ohio App.3d 315, 318, 624 N.E.2d 276, 277.

{¶ 12} Second, the purpose of appellants' attempted intervention is not compelling because it would probably result only in reconsideration of claims or objections appellants previously presented to the court of appeals in their *amicus curiae* memorandum. See *United States v. Pitney Bowes, Inc.* (C.A.2, 1994), 25 F.3d 66, 73; *Bloomington v. Westinghouse Elec. Corp.* (C.A.7, 1987), 824 F.2d 531, 537; *United States v. BASF-Inmont Corp.* (C.A.6, 1995), No. 93-1807, unreported, table decision reported at 52 F.3d 326 ("Where intervention would result only in the reconsideration of claims or objections previously presented to and rejected by the district court, the purpose of intervention [for appeal] is not compelling.").

{¶ 13} Third, appellants knew or should have known of their interest in the prohibition action prior to judgment. Their contention that they acted promptly because they could not have intervened prior to the entry of judgment lacks merit. Non-public officials may intervene in a prohibition case if they meet the Civ.R. 24 requirements for intervention. See, *e.g.*, *Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 51, 562 N.E.2d 125, 128; *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 304, 686 N.E.2d 238, 240; *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489, 490, 678 N.E.2d 1365, 1366. The lone case cited by appellants in support of their contention that they could not have intervened in the prohibition action until final judgment, *State ex rel. Cleveland Trust Co. v. Probate Court of Cuyahoga Cty.* (1959), 113 Ohio App. 1, 17 O.O.2d 1, 162 N.E.2d 574, predated the adoption of Civ.R. 24 in Ohio and is consequently inapplicable. See, *e.g., State ex rel. Northwood v. Wood Cty. Court of Common Pleas* (1996), 109 Ohio App.3d 487, 489, 672 N.E.2d 695, 696, and cases cited therein, holding that *Cleveland Trust* does not represent the "modern approach" taken by Ohio courts.

{¶ 14} Fourth, appellants failed to advance any viable reason necessitating postjudgment intervention other than the failure of Judge Meagher to appeal. The failure to appeal, by itself, is insufficient to require a finding that an intervention motion is timely. *Chiglo v. Preston* (C.A.8, 1997), 104 F.3d 185, 188-189.

{¶ 15} Finally, it appears that even if appellants had been granted leave to intervene, the court of appeals' judgment granting the writ was appropriate. See, generally, *Leal v. Mohr* (1997), 80 Ohio St.3d 171, 173, 685 N.E.2d 229, 231 (Appeal lies only on behalf of a party aggrieved by the final order appealed from.).

{¶ 16} Based on the foregoing, the court of appeals did not err by denying the appellants' motion to intervene. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————