DECISION
Intervenor-appellant, The Reinsurance Corporation of New York ("RECO"), appeals from a decision of the Franklin County Court of Common Pleas denying appellant's post-judgment motion to intervene.
The underlying action in this case arose out of an automobile accident which occurred on January 16, 1991, involving Donald J. Rhinesmith, Jr., who was killed, and plaintiff-appellee William Caldwell, who sustained serious injury. Rhinesmith was intoxicated and driving without a valid driver's license at the time of the accident, and had left his place of employment with defendant-appellee Columbus Fair Auto Auction in an auction vehicle which he was not authorized to drive. The full facts of the underlying case are developed in our prior decision, FletcherTrucking v. Columbus Fair Auto Auction (June 13, 1995), Franklin App. No. 94APE09-1394, unreported (1995 Opinions 2564). Plaintiffs William and Flora Caldwell, and Mr. Caldwell's employer, Fletcher Trucking, filed complaints against Rhinesmith's estate; Rhinesmith's employer, Columbus Fair Auto Auction; and Wackenhut Security, a contractor providing gate security for Columbus Fair Auto Auction. After an extensive procedural history, including an appeal to this court in Fletcher, supra, the net result was that the actions by the Caldwells and Fletcher Trucking survived summary judgment as to their claims against Columbus Fair Auto Auction and the estate of Donald Rhinesmith, Jr.
Appellant RECO was the automobile liability insurance carrier for Mr. Caldwell's employer, Fletcher Trucking, at the time of the accident. As early as November 1, 1991, counsel for the Caldwells notified RECO of the potential uninsured motorist claim by Mr. Caldwell pursuant to the RECO policy issued to Fletcher Trucking. Based upon a purported declination of uninsured motorist coverage by Fletcher Trucking under the policy, RECO eventually denied any uninsured motorist coverage in a letter dated May 28, 1992. The underlying action then proceeded for some five years without intervention or participation by RECO.
In the interim, the Ohio Supreme Court decided Gyori v.Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, which held that, in order for a rejection of uninsured motorist coverage to be effective, it must be made prior to the commencement of the policy year. Gyori appeared to strengthen the Caldwells' position with respect to the availability to uninsured motorist benefits under the RECO policy, because of issues surrounding the timing of the rejection of such benefits made by Fletcher Trucking. Counsel for the Caldwells, by letter dated December 10, 1996, to RECO's agent, attempted to notify RECO that Gyori was arguably determinative of the existence of uninsured motorist coverage in the case, and that the uninsured motorist claim was therefore maintained and reasserted. The letter also informed RECO of various developments in the underlying action, including the probability that the Rhinesmith estate would confess judgment acknowledging that the decedent had been at fault in the accident. Neither this letter nor a follow-up letter produced any response from RECO. Thereafter, counsel for the Caldwells were verbally advised that attorney Timothy Kasparek, of the firm Reminger Reminger, would be representing RECO on the matter. On January 24, 1997, counsel for the Caldwells received a fax from attorney Kasparek acknowledging notice of the Caldwells' uninsured motorist claim. From the record, this appears to be the only written communication from attorney Kasparek in relation to the Caldwells reasserted claim under the RECO policy. RECO never made a formal response to the Caldwells demand for arbitration.
On June 19, 1997, counsel for the Caldwells notified attorney Kasparek by letter that the trial date had been set for July 31, 1997. The letter also indicated that a settlement with Columbus Fair Auto Auction, Inc. had been reached, reserving all claims against the estate of Donald Rhinesmith, Jr. This June 19 letter reiterated that it had been six months since the initial notification to RECO of the reasserted uninsured motorist claim, and that despite verbal indications from attorney Kasparek in the interim, counsel were still awaiting written confirmation of the denial of coverage so that counsel could take further steps, if appropriate, to assert the claims.
By letter dated July 24, 1997, counsel for the Caldwells continued to keep attorney Kasparek abreast of developments in the case. Counsel notified attorney Kasparek that the action against the estate of Donald Rhinesmith, Jr. had been referred to arbitration under the local rules, and the arbitration hearing would take place on the previously scheduled trial date of July 31, 1997. On August 5, 1997, the arbitration panel filed its decision awarding William Caldwell $1,825,105 and Flora Caldwell $500,000 in damages. The record, again, contains no record of a written response or even a reaction to this latest communication and update on the case against the Rhinesmith estate, and RECO's brief upon appeal does not assert that any response was made. Judgment was entered pursuant to the arbitration award on August 27, 1997.
Following entry of the judgment pursuant to the arbitration award, on August 28, 1997, the Caldwells commenced a declaratory action against RECO in the court of common pleas in Jackson County, Ohio. (The Caldwells reside in Jackson County). This declaratory judgment action was removed on RECO's motion to federal district court on September 24, 1997.
On September 3, 1997, RECO filed a motion to intervene and vacate the judgment awarded in the Franklin County case pursuant to the arbitration award. By decision rendered August 13, 1998, the court denied RECO's motion to intervene and vacate the arbitration award. The trial court decided that RECO was unable to claim intervention as of right, pursuant to Civ.R. 24(A), because RECO, by denying the existence of any uninsured motorist coverage, failed to demonstrate that it had an interest relating to the property or transaction which was the subject of the action. The trial court also found that RECO was not permitted to intervene pursuant to Civ.R. 24(B), because the declaratory judgment issues regarding the existence of uninsured motorist coverage which RECO proposed to argue were more properly to be determined in the declaratory action which had been removed to federal court, under the principle of priority and first-acquired jurisdiction. Finally, the court of common pleas held that intervention under either Civ.R. 24(A) or (B) must be made in a timely fashion, and RECO had provided no reasonable justification or explanation for delaying intervention until after judgment had been entered. The court noted the lengthy history of the case, the frequent and continuing updates provided to RECO by opposing counsel, and notification to RECO of the original trial date, which became the arbitration date.
RECO has timely appealed the trial court's decision denying intervention and brings the following assignments of error:
 1. THE TRIAL COURT INCORRECTLY DENIED RECO'S MOTION TO INTERVENE.
 2. THE TRIAL COURT INCORRECTLY ENTERED JUDGMENT ON THE BASIS OF AN ARBITRATION AWARD PRIOR TO THE EXPIRATION OF THE THIRTY DAY APPEAL TIME AND IN AN AMOUNT THAT EXCEEDED THE JURISDICTIONAL LIMITS OF THE ARBITRATION PANEL.
RECO's first assignment of error asserts that the trial court erred in denying intervention after judgment had been rendered in the case. "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." State exrel. First New Shiloh Baptist Church v. Meagher (1998), 82 Ohio St.3d 501,504. Absent an abuse of discretion, the trial court's decision regarding the timeliness of a motion to intervene will not be reversed. Id. at 503. The following factors will be considered when assessing the timeliness of a motion to intervene: "(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." Id., quoting Triax Co. v. TRW, Inc.
(C.A.6, 1984), 724 F.2d 1224, 1228.
Considering all the enumerated factors, it is apparent that the above-outlined procedural history of this case provides ample support for the trial court's decision not to grant intervention. In particular, the first and third enumerated factors weigh heavily against permitting intervention by RECO. The suit had proceeded to final judgment when appellant filed its motion to intervene. As set forth in Meagher, intervention after final judgment is not ordinarily granted. Furthermore, RECO's long history of non-participation in the case occurred in the face of constant attempts to keep RECO informed on the part of the plaintiffs. Even assuming, arguendo, that the Ohio Supreme Court's decision in Gyori drastically altered RECO's potential obligation for uninsured motorist coverage, RECO's steadfast refusal to acknowledge its possible interest in the action continued for some eight months from the date appellee's counsel notified RECO's agent by letter on December 10, 1996, that the uninsured motorist claim would be maintained in light of Gyori, until the arbitration date of July 31, 1997. Beyond vague allegations of a collusive judgment entered into between the parties, RECO has offered no explanation for the continued lack of interest or participation in the underlying tort action until it suddenly reversed course and demanded intervention after final judgment had been rendered. The entire procedural history of this case reflects a knowing choice on the part of RECO not to intervene, despite having been fully apprised of the respective parties' positions and the risks RECO was assuming through non-intervention. Accordingly, we find that the Franklin County Court of Common Pleas did not err when it denied RECO's untimely post-judgment motion to intervene. RECO's first assignment of error is therefore overruled.
RECO's second assignment of error asserts that the trial court erred in entering judgment on the arbitration award prior to the expiration of the thirty-day appeal time under the local rule, and in an amount that exceeded the $50,000 jurisdictional limit of the arbitration panel under the local rule. Making no judgment as to the validity of these asserted errors, we find that RECO, not being a party, does not have standing to appeal this aspect of the trial court's judgment. An appeal from a denial of a motion to intervene is limited to the issue of intervention. Fouche v.Denihan (1990), 66 Ohio App.3d 120, 126. This rule is consistent with the well-established legal principle that a non-party lacks standing to bring an appeal from a judgment. Landes v. Ohio StateUniversity Hospitals (Nov. 20, 1997), Franklin App. No. 97AP-739, unreported (1997 Opinions 4812). RECO's second assignment of error is accordingly overruled.
In accordance with the foregoing, RECO's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and KENNEDY, JJ., concur.