JOURNAL ENTRY AND OPINION
In this accelerated appeal, The Anthem Casualty Insurance Company, nka Shelby Casualty Insurance Co., appeals from a judgment of the court which denied its motion to intervene in an underlying assault and battery lawsuit involving its insured Eugene Patitucci. On appeal, Anthem argues it must intervene to demonstrate that the actions of its insured had been intentional and, therefore, outside the scope of policy coverage. After careful review, we agree that Anthem should have been permitted to intervene and accordingly, we reverse the judgment of the court.
The record reveals Kenneth and Carmella Walsh filed a complaint in common pleas court against Eugene Patitucci alleging that on January 16, 1997, Patitucci assaulted Kenneth Walsh and caused serious bodily injury. Thereafter, Patitucci demanded that Anthem afford him with a defense and indemnification under his homeowner's insurance policy. Anthem subsequently retained an attorney to provide a defense under a strict reservation of rights. On March 16, 2000, Anthem filed its motion to intervene pursuant to Civ.R. 24, which the court denied. Anthem now appeals, and sets forth the following assignment of error for our review:
 THE TRIAL COURT'S ORDER DENYING ANTHEM CASUALTY INSURANCE COMPANY'S RIGHT TO INTERVENE IN THE UNDERLYING ASSAULT AND BATTERY ACTION BROUGHT AGAINST ANTHEM'S INSURED VIOLATES OHIO SUPREME COURT PRECEDENT AND DEPRIVES ANTHEM OF ITS CONSTITUTIONAL RIGHT OF DUE PROCESS. Howell v. Richardson(1989), 45 Ohio St.3d 365 and Grange Mut. Cas. Co. v. Uhrin (1990), 49 Ohio St.3d 162 (applied and followed).
Anthem urges the court erred when it denied its motion to intervene in the underlying lawsuit involving one of its insureds and prevented it from determining whether Patitucci's intentional infliction of bodily injury upon Walsh constitutes an occurrence , as defined in Patitucci's homeowners insurance policy. Neither Patitucci nor Walsh filed a brief in opposition in this matter.
Thus, we are concerned with whether the court erred when it denied Anthem an opportunity to intervene in the underlying lawsuit.
Initially, we recognize the decision to grant a motion to intervene is one left to the sound discretion of the trial court. In the case of In re Stapler (1995), 107 Ohio App.3d 528, this court stated:
 A decision whether to grant or deny a motion to intervene is left to the sound discretion of the trial court.
 Absent a showing that the trial court abused its discretion, a reviewing court will not reverse the trial court's decision. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. (Citations omitted.) Substantively, we turn to Civ.R. 24, which allows a party to
intervene and states:
 (A) Intervention of right Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute * * * confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 (B) Permissive Intervention Upon timely application anyone may be permitted to intervene in an action: (1) when a statute * * * confers an unconditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * *
 (C) Procedure * * * The motion and any supporting memorandum shall state the grounds for intervention and shall * * * [set] forth the claim or defense for which intervention is sought.
The court in State ex rel. First New Shiloh Baptist Church v. Meagher (1998), 82 Ohio St.3d 501 stated:
 Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. (citations omitted)
Additionally, the Ohio Supreme Court in First New Shiloh has cited with approval this test from Triax Co. v. TRW, Inc. (C.A. 6, 1984),724 F.2d 1224:
 The following factors are considered in determining timeliness: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.
In Howell v. Richardson (1989), 45 Ohio St.3d 365, the court stated:
 The insurance company may legitimately decline to defend where it believes in good faith that this insured acted intentionally. It may nevertheless enter the action and participate as a third-party defendant so as to defeat any liability on its part (i.e., by demonstrating that the acts of the insured/tortfeasor were intentional).
 It is this opportunity that must be seized. Otherwise, whether seized or not, the opportunity to litigate in the original action will preclude relitigation of liability in the supplemental proceeding.
Upon review of this issue, we have concluded that the trial court abused its discretion when it denied Anthem's motion to intervene. Anthem has demonstrated that it has an interest in the underlying tort action and is so situated that the disposition of that action may impair or impede its ability to protect its interest unless it is permitted to intervene in the action. Further, none of the existing parties adequately represent Anthem's interest in this matter.
Therefore, this assignment of error is well taken and the matter is remanded for further proceedings with instructions to grant Anthem's motion to intervene in this case.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
MICHAEL J. CORRIGAN, J., PATRICIA A. BLACKMON, J., CONCUR
 ____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE