[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The intervenor-appellant, James C. Cissell, Hamilton County Clerk of Courts, ("the Clerk") appeals from a judgment denying his motion to intervene in proceedings in which the common pleas court had ordered him on March 2, 2001, to distribute remaining funds totaling $1,100, deducted as poundage from an originally interpleaded amount of $100,000 deposited by Terry, Debra, and Melissa Simmons. Earlier, on February 9, 2001, the trial court had ordered that the $100,000, "less the cost of this action," be distributed to the plaintiff, Jeffrey Wayne Rogg. The Clerk's motion to intervene, pursuant to Civ.R. 24(A)(2), was filed on March 20, 2001. For the reasons that follow, we sustain the Clerk's single assignment of error that the trial court abused its discretion in denying the motion to intervene.
Civ.R. 24(A)(2) requires that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) * * * ; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. "[O]hio courts have applied an abuse of discretion standard for all of the Civ.R. 24(A)(2) intervention of right requirements."[1] Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[2]
In a upholding a court of appeals decision on the denial of a motion to intervene, the Ohio Supreme Court stated that whether a Civ.R. 24 motion to intervene is timely depends on several factors:
 (1) the point to which the suit ha[s] progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.[3]
 The Ohio Supreme Court has noted that the rule generally is liberally construed in favor of intervention.[4] Here, the trial court denied the motion without any rationale or discussion of the requirements for intervention under Civ.R. 24(A)(2).
We cannot say that the timing of the Clerk's motion was prejudicial of others.[5] The Clerk had a clear legal duty imposed by the General Assembly to charge poundage for funds on deposit.[6] Other arrangements with respect to the $100,000 could have been made. None of the current parties was statutorily required to collect poundage, and, thus, we cannot say that anyone in the action adequately represented the Clerk's interest to ensure the collection of poundage. In fact, the current parties had an opposing interest to that of the Clerk, to avoid the payment of poundage.
Accordingly, we hold that the trial court abused its discretion when it unreasonably denied the Clerk's motion to intervene and sustain the Clerk's single assignment of error.
Therefore, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State ex rel. First New Shiloh Baptist Church v. Meagher (1998),82 Ohio St.3d 501, 503, 696 N.E.2d 1058, 1060.
[2] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1141-1142.
[3] See State ex rel. First New Shiloh Baptist Church v. Meagher,supra, at 503, 696 N.E.2d at 1060 (citations omitted).
[4] See State ex rel. Smith v. Frost (1995), 74 Ohio St.3d 107,108, 656 N.E.2d 673, 676.
[5] Rogg withdrew his initial brief and refiled a joint brief with the Simmonses. Timeliness is not challenged in the latter brief, but is addressed here because of the trial court's abbreviated entry denying intervention.
[6] See R.C. 2303.20(V); see, also, State ex rel. Colonna v. Curran
(Oct. 22, 1998), Cuyahoga App. No. 74104, unreported.