OPINION
{¶ 1} Intervenors-appellants, Sierra Club, Nancy M. Heath and Pat Marida, appeal from a decision of the Franklin County Court of Common Pleas denying their motion to intervene in this matter. Because appellants have not shown that the trial court abused its discretion, we affirm that decision.
 {¶ 2} By letter dated March 28, 2002, appellants notified defendant-appellee, the city of Columbus ("the city"), and plaintiff-appellee, the Attorney General of the State of Ohio ("the state"), of their intent to bring a federal lawsuit against the city pursuant to the federal Clean Water Act. See Section 1365, Title 33, U.S.Code. Appellants informed the city and the state that they would file a lawsuit if the city did not stop illegal overflows of raw sewage from its sanitary sewage system into the waters of the state or did not commit to do so by a date certain. However, appellants could not file their suit until 60 days after the date of their notice of the alleged violations. Id. at Section 1365(b)(1)(A).
 {¶ 3} Shortly before the 60-day waiting period would have run under federal law, the state sued the city to enforce water pollution control laws found in R.C. Chapter 6111. The state contended that the city violated these laws and the city's permits by discharging sewage, industrial waste, and/or other waste into the waters of the state, and by failing to report these discharges. A proposed consent order between the city and the state was filed with the complaint, which, if approved by the trial court, would resolve the matter. In the proposed consent order, the city agreed, among other things, to take steps to stop further unauthorized discharges from its sewer system, to develop and implement programs to address the needs of its sewer system, and to protect public health and the environment in case of future overflows. The city was assessed a $250,000 penalty. The city also agreed to further monetary penalties should future overflows occur. In accordance with the federal Clean Water Act, the state gave public notice of the proposed consent order and allowed 30 days for public comment. Section 123.27(d)(2)(iii), Title 40, C.F.R. The state asserts that a copy of the proposed consent order was faxed to appellants' lawyers on May 24, 2002. Appellants contend that they submitted comments to the proposed consent order to which the city or the state failed to respond.
 {¶ 4} On July 29, 2002, after the 30-day public comment period ended and after public comments were reviewed and considered, the city and the state filed a joint motion to enter the proposed consent order. On August 1, 2002, the trial court signed and journalized the proposed consent order and terminated the case. Five days later, on August 6, 2002, appellants filed a motion to intervene in the case pursuant to Civ.R. 24(A) and (B). However, because the case had been terminated, the trial court found appellants' motion to be moot and denied the motion to intervene.
 {¶ 5} Appellants timely appeal, assigning the following errors:
 {¶ 6} "1. The trial court erred in overruling the motion to intervene.
 {¶ 7} "2. The trial court erred in adopting the consent decree without permitting or requiring any hearing on the issue of the adequacy of the consent decree for purposes of protecting the public interest or of complying with the state and federal Clean Water Acts."
 {¶ 8} Appellants contend in their first assignment of error that the trial court erred in denying their motion to intervene. Appellants sought intervention as of right pursuant to Civ.R. 24(A)(2), as well as permissive intervention pursuant to Civ.R. 24(B)(1).
 {¶ 9} Civ.R. 24(A), "Intervention of right," provides that:
 {¶ 10} "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 11} Pursuant to Civ.R. 24(A)(2), the following elements must be met before a party may intervene: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely. Fairview Gen. Hosp. v. Fletcher (1990), 69 Ohio App.3d 827, 830-831; Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350, syllabus. All of these conditions must be met to establish a right to intervene. Ashcraft v. Univ. of Cincinnati Hosp. Aring Neurological Institute (Apr. 27, 1999), Franklin App. No. 98AP-948.
 {¶ 12} Civ.R. 24(B), "Permissive intervention," provides that:
 {¶ 13} "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
 {¶ 14} In reviewing the trial court's denial of a motion to intervene, the proper standard of review is whether the trial court's action constituted an abuse of discretion. Young v. Equitec Real Estate Investors Fund (1995), 100 Ohio App.3d 136, 138; Widder Widder v. Kutnick (1996), 113 Ohio App.3d 616, 624. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} The first consideration in assessing any motion to intervene is whether the party seeking intervention made a timely application. Civ.R. 24. The determination of whether a motion to intervene is timely depends on the facts and circumstances of the case. State ex rel. First New Shiloh Baptist Church v. Meagher (1998), 82 Ohio St.3d 501,503. A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion. Id. In the case at bar, we interpret the trial court's decision that appellants' motion was moot as a determination that the motion was not timely filed.
 {¶ 16} The factors a trial court examines when determining the timeliness of a motion to intervene are:
 {¶ 17} "* * * '(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.' " Id., quoting Triax Co. v. TRW, Inc. (C.A.6, 1984), 724 F.2d 1224, 1228.
 {¶ 18} Courts have also looked at the reason for the delay in attempting to intervene. State of Ohio ex rel. Gray Road Fill, Inc. v. Wray (1996), 109 Ohio App.3d 812, 816, citing S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 673.
 {¶ 19} Appellants' motion to intervene was filed five days after the consent order resolving this matter was journalized and the case was terminated. The trial court determined that appellants' motion was not timely because the case had already proceeded to final judgment and was terminated. Although trial courts may grant motions to intervene that are filed after the entry of a final judgment, Norton v. Sanders (1989),62 Ohio App.3d 39, 42, intervention after final judgment is disfavored and ordinarily will not be granted. Meagher, supra; Kidney, supra.
 {¶ 20} Here, it appears that appellants knew of the pendency of this action and the content of the proposed consent order since May 24, 2002, more than two months before the consent order was finalized. Yet appellants did not seek to intervene in the matter until after the consent order was finalized. Meagher, supra (the fact that "appellants knew or should have known of their interest in the prohibition action prior to judgment" was a factor supporting denial of motion to intervene).
 {¶ 21} In addition, the purpose of appellants' attempted intervention is not compelling. Id. (finding motion to intervene not timely when, among other reasons, purpose of motion was not compelling). Appellants sought intervention in order to request the trial court to hold a fairness hearing at which the trial court could develop a record to base its decision to approve, modify or reject the consent order. However, there is no reason to hold a fairness hearing on a consent order that has already become final where the parties have complied with the appropriate procedure as required by Section 123.27(d)(1)(iii), Title 40, C.F.R. Nor have appellants identified any other unusual circumstance that weighs in favor of intervention.
 {¶ 22} Because appellants: (1) knew of the contents of the consent decree and the pendency of this suit for more than two months before the entry of a final judgment in the case; (2) filed their motion to intervene after final judgment; (3) presented no unusual circumstances weighing in favor of intervention; and (4) did not present a compelling purpose for intervention, we find the trial court did not abuse its discretion in finding that appellants' motion to intervene was untimely.
 {¶ 23} Even assuming appellants' motion had been timely filed, appellants do not meet other requirements of Civ.R. 24(A)(2) for intervention as of right. Appellants' asserted interest was to eliminate the city's violations of environmental laws. Although that may be a sufficient interest for purposes of intervention, appellants still must show that their interest was not being adequately represented by the existing parties. Fairview Gen. Hosp., supra. Appellants need to produce something more than speculation as to the alleged inadequate representation of the existing parties. Clarke v. Warren Cty. Commrs. (Sept. 18, 2000), Warren App. No. CA2000-01-009.
 {¶ 24} Appellants claim that the state would not adequately protect their interest because it did not respond to their comments or change the content of the consent order in response to those comments. We disagree. First, there is no requirement in Section 123.27(d), Title 40, C.F.R. that the state respond to appellants' comments. Additionally, a mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation. Bradley v. Milliken (C.A.6, 1987), 828 F.2d 1186, 1192, citing United States v. Hooker Chemicals Plastic Corp. (C.A.2, 1984), 749 F.2d 968, 987 (" `the mere existence of disagreement over some aspects of the remediation necessary to abate the hazard does not demonstrate a lack of capacity on the part of the government * * * to represent its constituents fairly and faithfully' "). Simply because appellants disagree with the methods and remedies chosen by the state to deal with the city's environmental violations does not render the state inadequate to represent appellants' interest.
 {¶ 25} Appellants and the state have the same ultimate goal in this case: to eliminate the city's violations of environmental laws. "Where the party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation, and to overcome that presumption, applicants ordinarily must demonstrate adversity of interest, collusion or nonfeasance." Clarke, supra, quoting Nationwide Mut. Ins. Co. v. Clow (Sept. 30, 1992), Hamilton App. No. C-910511; see, also, ICSC Partners, L.P. v. Kenwood Plaza L.P. (1996), 116 Ohio App.3d 278, 283. Appellants have not shown adversity of interest, collusion, or nonfeasance.
 {¶ 26} Moreover, an agency of the government that is charged by law with representing the interests of the proposed intervenor will usually be deemed adequate to represent the proposed intervenor's interest. Clark, supra; Mausolf v. Babbitt (C.A.8, 1996), 85 F.3d 1295,1303. R.C. 6111.09(A) grants to the Attorney General of Ohio the authority to commence a civil suit to enforce the water pollution laws. This statute grants the state, through the Attorney General, the authority to represent the public interest in enforcing the water pollution laws set forth in R.C. Chapter 6111. We see no reason why the Attorney General would not adequately represent appellants' interest. Cf. State ex rel. Brown v. Bd. of County Commrs. (1977), 52 Ohio St.2d 24,25-26.
 {¶ 27} Having found that: (1) there is no requirement that the state respond to appellants' comments; (2) the state and appellants had the same goal: to eliminate future environmental violations; and (3) the Attorney General is charged by law with representing appellants' interest, we are not persuaded that appellants' interest in enforcing the environmental laws would not be adequately protected by the state. We, therefore, find that, even if appellants' motion to intervene had been timely filed, the trial court did not abuse its discretion in denying appellants' motion to intervene as of right. See Myers v. Basobas (1998),129 Ohio App.3d 692, 696 (intervention proper only if all Civ.R. 24[A][2] requirements are met).
 {¶ 28} We now proceed to determine whether the trial court also properly denied appellants' motion for permissive intervention pursuant to Civ.R. 24(B)(1). Appellants contend that permissive intervention was proper because R.C. 733.581 grants them a conditional right to intervene. That statute provides, in pertinent part, that:
 {¶ 29} "In any civil action or proceeding involving the public interest the court shall grant the application of any person to intervene if the court believes that the public interest will be better protected or justice will be furthered."
 {¶ 30} Intervention pursuant to this statute is discretionary with the trial court. Cincinnati v. Cincinnati District Council 51 (1973),35 Ohio St.2d 197, 200; Williams v. Avon (1977), 52 Ohio App.2d 210,211. The trial court's decision to deny intervention pursuant to this statute will not be reversed absent an abuse of that discretion. Loreto Development Co., Inc. v. Concerned Citizens of Chardon (Oct. 18, 1996), Geauga App. No. 95-G-1922 (affirming denial of permissive intervention under R.C. 733.581); In re Annexation of 1, 544.61 Acres (May 19, 1982), Summit App. No. 10433 (affirming denial of permissive intervention under R.C. 733.581).
 {¶ 31} Appellants have not shown that their involvement in this case would cause the public interest to be better protected. Appellants simply disagree with the substance of the consent order, and they want the trial court to re-examine that order with appellants' input. As noted earlier, a simple disagreement over the remedy chosen by the state to address environmental violations does not mean that the public's interest in protecting the environment is not being protected. Therefore, even if appellants' motion had been timely filed, we cannot say that the trial court abused its discretion in denying permissive intervention to appellants.
 {¶ 32} For all the above reasons, we conclude that the trial court did not abuse its discretion in denying appellants' motion to intervene. Therefore, appellants' first assignment of error is overruled.
 {¶ 33} Appellants contend in their second assignment of error that the trial court erred in adopting the proposed consent decree without holding a hearing to determine the adequacy or fairness of the consent decree. However, an appeal from the denial of a motion to intervene is limited solely to the issue of intervention. Because they are not parties, appellants do not have standing to appeal the trial court's judgment. Fouche v. Denihan (1990), 66 Ohio App.3d 120, 126; Caldwell v. Columbus Fair Auto Auction, Inc. (Aug. 26, 1999), Franklin App. No. 98AP-1199. Accordingly, appellants' second assignment of error is overruled.
 {¶ 34} Having overruled appellants' two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.