OPINION
{¶ 1} Intervenor-appellant, Kathleen Krihwan, appeals from the judgment of the Lake County Common Pleas Court, which vacated its order granting appellant leave to intervene, and dismissed appellant's complaint. We reverse.
 {¶ 2} The plaintiff in the underlying action, Douglas Wick, was a minority shareholder in Bob Krihwan Pontiac GMC Truck, Inc., ("the company.") The defendant in the underlying action, Robert Krihwan, was the majority shareholder of the company and appellant's former husband.
 {¶ 3} Robert and Kathleen were divorced in 1996. As part of the divorce decree, Robert was ordered to pay appellant $550,000 on September 15, 2002 and he was ordered to pledge his stock in the company as collateral for this debt. The record does not disclose whether the pledge was actually made. Nonetheless, Robert failed to make the $550,000 payment and appellant obtained a judgment lien in that amount on September 17, 2002.
 {¶ 4} On June 25, 2003, Wick filed a verified complaint against Robert and the company. The complaint sought to establish Wick's minority shareholder claims against Robert for breach of fiduciary duties, to collect on delinquent promissory notes, and to dissolve the company.
 {¶ 5} Appellant moved to intervene on August 8, 2003. She alleged Robert's stock in the company was pledged as collateral to secure the $550,000 payment and the only known asset owned by Robert capable of satisfying that debt was the stock.
 {¶ 6} The trial court granted appellant's motion to intervene by entry filed February 4, 2004. On February 11, 2004, appellant filed her complaint and cross claim. Subsequently, but also on February 11, 2004, Wick and Robert filed a stipulation of dismissal pursuant to Civ.R. 41(A)(1)(b).
 {¶ 7} The trial court then considered briefs from the parties as to whether the case should go forward on appellant's complaint and cross claim. By entry filed September 7, 2004, the trial court found the settlement and dismissal between Wick and Robert was based on Robert's purchase of Wick's shares of the corporation, leaving Robert the sole shareholder. The court found the settlement "removed the potential threats to the intervenor's interest in the shares owned by [Robert.]" Thus, the trial court concluded the reasons that supported the granting of the motion to intervene no longer existed. The court vacated its order granting appellant leave to intervene and dismissed appellant's complaint without prejudice.
 {¶ 8} Appellant appealed the trial court's judgment raising three assignments of error:
 {¶ 9} "[1.] The trial court erred in vacating its entry granting appellant's motion to intervene to the prejudice of appellant."
 {¶ 10} "[2.] The trial court erred to the prejudice of the [a]ppellant by dismissing appellant's complaint against appellees."
 {¶ 11} "[3.] The trial court erred to the appellant's prejudice in finding that the appellant's right to intervene was improvidently allowed."
 {¶ 12} We address appellant's assignments of error together as the underlying issue in each is whether the trial court properly vacated the order granting appellant leave to intervene. We hold it did not.
 {¶ 13} We review a trial court's decision to grant or deny a motion to intervene only for an abuse of discretion. State exrel. First New Shiloh Baptist Church v. Meagher,82 Ohio St.3d 501, 503, n. 1, 1998-Ohio-192.
 {¶ 14} The trial court's decision was based on the settlement and dismissal entered by Wick and Krihwan pursuant to Civ. R. 41(A)(1)(b). This rule provides:
 {¶ 15} "Voluntary dismissal: effect thereof
 {¶ 16} "* * * Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 17} * * *
 {¶ 18} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action."
 {¶ 19} In the instant case, appellant had appeared in the action before Wick and Krihwan filed their Civ.R. 41(A)(1)(b) dismissal. The dismissal is not signed by or on behalf of appellant. Therefore, the dismissal was ineffective and the underlying premise supporting the trial court's reconsideration of, and ultimate denial of, appellant's motion to intervene did not exist. Thus, the trial court abused its discretion in reconsidering and subsequently overruling appellant's motion to intervene.
 {¶ 20} For the foregoing reasons, appellant's assignments of error have merit and the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.
O'Neill, J., O'Toole, J., concur.