[Cite as *Nationstar Mtge., Inc. v. Scarville*, 2024-Ohio-1580.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, L.L.C., | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 112270 and 113139 |
| v. | : | |
| IVELAW SCARVILLE, ET AL., | : | |
| Defendants-Appellees, | : | |
| [Appeal by Carl and Shalita Woodson, Nonparty Appellants.] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 25, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-14-820776

### *Appearances:*

Sottile and Barile, LLC, and Chris Manolis, *for appellee*
Real Time Resolutions, Inc.

Herman Law, LLC, and Edward F. Herman, *for appellants*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellants, Carl and Shalita Woodson (collectively "the Woodsons"), appeal the confirmation of a sheriff's sale following a judgment in foreclosure. They

also appeal the denial of a motion to intervene in the foreclosure action. They claim the following errors:

1. The trial court erred in confirming a foreclosure sale when the revival of the underlying judgment was void for lack of personal jurisdiction over the judgment debtor or his successors-in-interest, or was otherwise voidable.

2. The trial court erred in denying the motion to intervene of the successor-in-interest of a deceased judgment debtor when the successor-in-interest sought intervention during the confirmation of sale proceeding to challenge the revival of judgment which occurred after the judgment debtor's death.

{¶ 2} We find that the trial court properly denied the Woodsons' motion to intervene as untimely and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In January 2014, Nationstar Mortgage L.L.C. ("Nationstar") filed a complaint in foreclosure against Ivelaw Scarville ("Scarville") and his unknown spouse, based on a note and mortgage on property located on Lawrence Avenue, in Garfield Heights ("the Lawrence Avenue property"). In November 2014, the trial court granted a judgment in foreclosure in favor of Nationstar and against the defendant Scarville. Nationstar proceeded to execute on the judgment, and a sheriff's sale was scheduled to take place in September 2015. Nationstar subsequently filed a motion to withdraw the sheriff's sale, and the sheriff's sale was canceled accordingly.

{¶ 4} No action was taken on the case from September 2015 until July 2022, when Nationstar filed a motion to substitute Real Time Resolutions, Inc. ("Real

Time Resolutions") as the party plaintiff. At the same time, Real Time Resolutions filed a motion to revive the judgment in foreclosure.

{¶ 5} The motion to revive the judgment was mailed to Scarville at the Lawrence Avenue property by regular mail. The motion was not served by the clerk of courts. Nor was the motion or summons specifically served on Scarville's successors or assigns, except for the mailing at the Lawrence Avenue address. Nevertheless, the trial court granted the motion to revive the judgment as unopposed on August 10, 2022. Two weeks later, on August 25, 2022, Real Time Resolutions filed a praecipe for an order of sale of the Lawrence Avenue property. Real Time Resolutions published notice of the sheriff's sale in a newspaper of general circulation for a period of three weeks as required by R.C. 2329.26. Thereafter, a sheriff's sale was held in October 2022 and Real Time Resolutions was the highest bidder. The trial court confirmed the sale in December 2022.

{¶ 6} The Woodsons purchased the Lawrence Avenue property from Scarville in 2016. The Woodsons neglected to obtain title insurance and were, apparently, unaware of the foreclosure judgment on the property. After confirmation of the sheriff's sale in December 2022, the Woodsons filed a notice of appeal of the confirmation of sale. They then moved to remand the case to the trial court so they could seek to intervene in the pending foreclosure action. This court granted the remand, the parties briefed the Woodsons' motion to intervene, and the trial court ultimately denied the Woodsons' motion as untimely. Thereafter, the

Woodsons filed a second notice of appeal to challenge the denial of their motion to intervene. The Woodsons' appeals have been consolidated for review.

## II. Law and Analysis

{¶ 7} We address the Woodsons' second assignment of error first because it is dispositive of this appeal. In the second assignment of error, the Woodsons argue the trial court erred in denying their motion to intervene. They contend the court should have allowed them to intervene because, as the debtor's successors-in-interest, they have an interest in the property that is subject to the confirmation of sale that will be destroyed if the confirmation stands.

{¶ 8} Civ.R. 24 governs a party's right to intervene in an action. Under Civ.R. 24(A), "upon timely application," anyone shall be permitted to intervene in an action when (1) a statute confers an unconditional right to intervene, or (2) the applicant claims an interest relating to the property or transaction that is the subject matter of the action, and (3) the disposition of the action may impair or impede the applicant's ability to protect that interest. Civ.R. 24(B) similarly provides that "upon timely application," a trial court may permit a party to intervene in an action when (1) a statute confers a conditional right to intervene, or (2) an applicant's claim or defense and the main action have a question of law or fact in common. Both subsections of Civ.R. 24 require an application to intervene to be timely filed. *Earth Mobile, Inc. v. U.S. Bank, N.A.*, 8th Dist. Cuyahoga No. 111851, 2023-Ohio-3354, ¶ 15.

{¶ 9} Whether a motion to intervene is timely depends on the facts and circumstances of the case. *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998).

{¶ 10} In determining whether a motion to intervene is timely, courts consider (1) how far the suit has progressed, (2) the purpose for which intervention is sought, (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case, (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly apply for intervention, and (5) any unusual circumstances weighing heavily against or in favor of intervention. *Id.*

{¶ 11} The Woodsons cannot meet the timeliness factors required by the Ohio Supreme Court in *Meagher*. First, the Woodsons moved to intervene in the case more than eight years after the foreclosure judgment was rendered and six and one-half years after they acquired an interest in the property. They also attempted to intervene after the sheriff's sale was confirmed, when ownership of the property had already equitably transferred. Thus, not only had the lawsuit been pending for eight years, but the property had already been sold and the litigation concluded before the Woodsons sought to intervene. Intervention after final judgment is usually too late. *Treasurer of Cuyahoga Cty. v. Unknown Heirs*, 8th Dist. Cuyahoga No. 110540, 2022-Ohio-309, ¶ 24, quoting *Meagher* at 503-504, ("Intervention after final judgment has been entered is unusual and ordinarily will not be granted.").

{¶ 12} Second, the Woodsons sought intervention to protect the interest they have in the Lawrence Avenue property that will be destroyed if the confirmation stands. However, their interest in the property is subject to the doctrine of lis pendens. "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶ 16 (8th Dist.).

> "The general intent and effect of the doctrine of lis pendens is to charge third persons with notice of the pendency of an action, and to make any interest acquired by such third persons subject to the outcome and judgment or decree of the pending lawsuit."

*Woods Cove III, L.L.C. v. Straight*, 10th Dist. Franklin No. 17AP-340, 2018-Ohio-2906, ¶ 18, quoting *Bank of New York v. Barclay*, 10th Dist. Franklin No. 03AP-844, 2004-Ohio-1217, ¶ 10. Regardless of whether the foreclosure judgment became dormant five years after it was rendered, it was pending at the time the Woodsons purchased the Lawrence Avenue property and should have put them on notice. Therefore, because the Woodsons' interest in the Lawrence Avenue property is subject to the outcome of the foreclosure litigation and the doctrine of lis pendens presumes that they were on notice of the litigation, this factor weighs heavily against the Woodsons.

{¶ 13} Third, the court considers the length of time preceding the Woodsons' application when they knew, or reasonably should have known, of a threat to their interest in the property. The Woodsons did not conduct a title search and did not

acquire title insurance. Had they done so, they would have known about the judgment in foreclosure before purchasing the property. They therefore knew, or should have known, that another interest in the property had priority over theirs before they ever purchased it. And, a delay of six years elapsed from the time they purchased it until they sought intervention. Therefore, this factor also weighs against the Woodsons.

{¶ 14} Fourth, intervention would unfairly prejudice the original parties due to the Woodsons' failure to promptly apply for intervention. The sheriff's sale has already been conducted and the property has equitably transferred. Although an earlier intervention would have also been prejudicial to the bank, it would have been less prejudicial before the sheriff's sale and confirmation of the sale. The delay in seeking intervention until after confirmation of the sheriff's sale is unreasonable and unfairly prejudicial.

{¶ 15} Finally, the Woodsons fail to demonstrate any unusual circumstances weighing heavily in favor of intervention. The fact that they purchased a home that was subject to a foreclosure judgment is unusual. But again, the Woodsons failed to conduct a title search, which is also unusual and gives rise to lis pendens. As previously stated, the doctrine of lis pendens weighs heavily against intervention, and all the other *Meagher* factors also weigh heavily against intervention. Therefore, because the Woodsons cannot establish any of the factors outlined in *Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058, in favor of intervention, the trial

court properly denied the Woodsons' motion to intervene, and the second assignment of error is overruled.

{¶ 16} "'[A] appeal from the denial of a motion to intervene is limited solely to the issue of intervention.'" *State ex rel. Sawicki v. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 18, quoting *State ex rel. Montgomery v. Columbus*, 10th Dist. Franklin No. 02AP-963, 2003-Ohio-2658, ¶ 33. Where a party appeals the denial of a motion to intervene, we address only "the issue of intervention and not the merits of the underlying appeal." *Tomrob, Inc., v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga Nos. 71593 and 71688, 1997 Ohio App.LEXIS 4136 (Sept. 11, 1997). Indeed, a nonparty lacks standing to challenge the trial court's determination on the merits. *Id.*, citing *Montgomery* at ¶ 33. *See also Woods Cove*, 10th Dist. Franklin No. 17AP-340, 2018-Ohio-2906, at ¶ 24 ("As a non-party, appellant lacks standing to challenge the trial court's determination on the merits.").

{¶ 17} It is debatable whether the judgment in foreclosure was dormant at the time of the sheriff's sale because the version of R.C. 2329.07(B)(1) in effect at the time the foreclosure was granted provided an exception to the dormancy statute for foreclosures. To properly raise the dormancy issue, the Woodsons would first have had to have been made parties to the foreclosure action. However, because they failed to timely intervene in the action and raise the issue of dormancy in the trial court, we do not address it on appeal. Accordingly, the first assignment of error is overruled.

**{¶ 18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR