**HER, INC., on behalf of Stonebridge Corporation, Appellee,**

v.

**PARENTEAU et al., Appellants;  Parenteau Development and Design, Inc., Intervenor–Appellant.**

[Cite as *HER, Inc. v. Parenteau,* 153 Ohio App.3d 704, 2003-Ohio-4370.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–1279.

Decided Aug. 19, 2003.

Maguire & Schneider, L.L.P., Karl H. Schneider and William C. Donahue, for appellee.

Ulmer & Berne L.L.P., Richard G. Hardy, Thomas L. Rosenberg and Edward P. Simms, for appellants.

BOWMAN, Judge.

{¶ 1} Intervenor-appellant, Parenteau Development and Design, Inc. ("PD&D"), appeals from a judgment of the Franklin County Court of Common Pleas that denied its motion to intervene in a shareholder derivative action brought by plaintiff-appellee, HER, Inc. ("HER"), on behalf of the Stonebridge Corporation against defendants-appellants, Thomas K. Parenteau ("Parenteau") and Parenteau Builders, Inc. ("PBI").[1]

{¶ 2} HER is a corporation whose chairman is Harley Rouda Sr., and whose CEO and general counsel is Harley Rouda Jr. ("the Roudas"). Parenteau is the sole shareholder and president of both PBI and PD&D. In 1995, PD&D and HER executed a close corporation agreement, creating Stonebridge with the intention of developing a condominium project in Marysville, Ohio. PD&D and HER each owned 50 percent of the stock in Stonebridge.

{¶ 3} In *HER, Inc. v. Parenteau*, 147 Ohio App.3d 285, 2002-Ohio-577, 770 N.E.2d 105 ("*HER I*"), this court addressed whether HER could assert shareholder derivative claims on behalf of Stonebridge in a dispute involving problems with the construction of the Marysville condominium community for which PBI was the general contractor. In its complaint, HER alleged on behalf of Stonebridge that Parenteau and PBI were responsible for various problems with the construction and completion of the project, asserting breach of fiduciary and other duties. Parenteau and PBI filed a motion to dismiss the derivative suit, alleging that HER could not fairly and adequately represent the interests of all similarly situated shareholders because the only other shareholder in Stonebridge, PD&D, did not wish to sue. The trial court converted the motion into one for summary judgment and granted judgment in favor of Parenteau and PBI. This court reversed, reasoning that PD&D's disinclination to sue was not determinative of the question of whether a shareholder could bring a derivative action, and that the more relevant question was whether HER's suit on behalf of Stonebridge was for injuries sustained by HER or by Stonebridge. Upon a review of the wording of the complaint, this court determined that HER had successfully alleged that the wrongdoings were inflicted upon Stonebridge, and that any recovery would be distributed to Stonebridge, pursuant to the close corporation agreement. This court additionally found that HER could represent the interests of other similarly situated shareholders because there were no other shareholders similarly situated to HER, stating, at ¶ 39–40:

---

1. Although Parenteau and PBI are designated as appellants, the sole issue on appeal is whether the trial court erred in denying PD&D's motion to intervene.

"* * * Mr. Parenteau, individually and as the sole shareholder of [PBI], the defendants in this action, stands to lose financially if Stonebridge prevails in this suit. Hence, we do not consider PD&D (which is also owned solely by Mr. Parenteau) in our determination of whether [HER] is a fair and adequate representative of similarly situated shareholders. * * * Further, in opposing [HER]'s efforts in regard to this lawsuit, it is possible that PD&D was motivated by its individual interests rather than by what was beneficial to Stonebridge. * * *

"For all of these reasons, and by virtue of the specific circumstances presented in the case at bar, we do not consider PD&D a similarly situated shareholder. whom [HER] must fairly and adequately represent. Rather, [HER] is the only similarly situated shareholder as that term is used in Civ.R. 23.1. * * .*"

{¶ 4} Concluding that there may be a "legitimate class of one" in derivative lawsuits, we found that HER could fairly and adequately represent the interests of the corporation, and remanded for further proceedings.

{¶ 5} In July 2002, Parenteau and PBI filed an answer to the complaint denying any wrongdoing, a counterclaim for money owed them by Stonebridge, and a third-party complaint against HER in its individual capacity, and against the Roudas, claiming that the actions of HER and the Roudas caused the problems with the condominium development, rather than anything done by Parenteau, PBI, or PD&D. At the same time, PD&D filed a motion for leave to intervene to assert claims against HER and the Roudas for breaching their fiduciary duties to PD&D to obtain financing, and to market the project, with the result that PD&D was deprived of the benefits of its investment and its equal opportunity to participate in Stonebridge. PD&D additionally alleged that HER breached the close corporation agreement by these acts, by an unauthorized sale of Stonebridge real property, and by the prosecution of the lawsuits on behalf of Stonebridge.

{¶ 6} In its memorandum in opposition to PD&D's motion to intervene, HER asserted that nearly all of the claims PD&D sought to assert by intervention were time-barred, with the remaining claim being rendered res judicata by this court's decision in *HER I*. Further pleadings followed, in which PD&D denied that its proposed intervention was untimely and in which HER further asserted that its shareholder derivative action would represent PD&D's interests, rendering intervention unnecessary.

{¶ 7} In October 2002, the trial court rendered its decision and entry denying PD&D's motion for leave to intervene. Although the court's decision acknowledged that Civ.R. 24 is to be liberally construed in favor of intervention, the court denied the motion without analysis, merely stating: "Upon consideration, [PD&D] fails to meet the requirements of Civ.R. 24. Accordingly, the July 8,

2002 Motion * * * for Leave to Intervene is hereby DENIED." The court did not indicate whether the motion failed on the merits or because it was untimely.

{¶ 8} PD&D now appeals, assigning the following as error:

"First Assignment of Error: The trial court committed reversible error by denying Parenteau Development and Design, Inc. leave to intervene of right.

"Second Assignment of Error: The trial court committed reversible error by denying Parenteau Development and Design, Inc. leave to permissively intervene.

"Third Assignment of Error: The trial court committed reversible error by denying Parenteau Development and Design, Inc.'s motion for leave to intervene without considering Parenteau Development and Design, Inc.'s response to arguments raised for the first time in a surreply memorandum in opposition to the motion for leave to intervene."

{¶ 9} PD&D's assignments of error are related and will be addressed together.

{¶ 10} Civ.R. 24 provides:

"(A) Intervention of right.

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(B) Permissive intervention.

"Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

{¶ 11} By its motion, PD&D asserted that it had a right to intervene, pursuant to Civ.R. 24(A), and, in the alternative, should be permitted to intervene pursuant to Civ.R. 24(B). In its decision denying PD&D's motion to intervene, the trial court did not indicate whether it found that PD&D was seeking to intervene as of right or permissively. The court simply held that PD&D was unable to meet the requirements of Civ.R. 24.

{¶ 12} "A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion." *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058. An abuse of discretion implies a decision that is unreasonable, arbitrary, or

unconscionable. Id. The timeliness of a motion to intervene depends upon the individual facts of the case, with special attention to the stage of the proceedings at the time of the motion, the purpose for which intervention is sought, the length of time preceding the application during which the proposed intervenor knew or should have known of his interest in the case, any prejudice to the original parties resulting from the proposed intervenor's delay in moving for intervention, and any unusual circumstances favoring or disfavoring the granting of the motion. Id., citing *Triax Co. v. TRW, Inc.* (C.A.6, 1984), 724 F.2d 1224, 1228.

{¶ 13} In *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 158–159, 14 O.O.3d 125, 396 N.E.2d 491, the court discussed the various factors to be considered by a trial court in determining the timeliness of a motion to intervene:

"* * * In general, the basis of the alleged right to intervene is balanced against trial convenience and potential prejudice to the rights of original parties. Intervention as of right may be granted at a time in the proceedings when permissive intervention would not. That is, in cases of permissive intervention, greater consideration may be given to undue delay or prejudice in adjudicating the rights of the original parties, whereas in cases of intervention of right, the court may give the greater consideration to possible prejudice to the intervenor in protecting his interest if intervention is not granted. * * *"

{¶ 14} Thus, a different standard applies depending upon whether the proposed intervenor has a right to intervene or may only do so permissively. Where an intervenor has a right to intervene, the scales tip in favor of allowing intervention despite the existence of conditions that might otherwise militate against intervention, including timeliness. See, e.g., *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010; *Fouche v. Denihan* (1990), 66 Ohio App.3d 120, 583 N.E.2d 457. As a result, our analysis must begin with a determination of whether this was an intervention as of right.

{¶ 15} An intervention of right occurs "when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Civ.R. 24(A). By its pleading attached to its motion to intervene, PD&D alleges that HER and the Roudas wielded control over Stonebridge to the degree that they unilaterally made financial, litigation, real property, marketing, and other business decisions without consulting PD&D, and that, by doing so, they obtained benefits for themselves that did not inure to PD&D. PD&D further alleged that these acts were a breach of fiduciary duty, a breach of the duties of loyalty, ordinary care, good faith, and disclosure, and that they constituted a conflict of interest, breach of contract, and other transgressions. All of these allegations

arise out of the same set of facts that comprise the original complaint filed by HER on behalf of Stonebridge. Thus, we find that PD&D is claiming an interest relating to the property or transaction that is the subject of the action.

{¶ 16} We also find that PD&D is so situated that the action may impair or impede its ability to protect its interests. As we determined in *HER I*, as a "legitimate class of one," HER could fairly and adequately represent the interests of the corporation in bringing a shareholder's derivative action. As the only other shareholder in the close corporation, PD&D has an interest in the outcome of HER's action on behalf of Stonebridge, and the outcome of that action will undoubtedly affect PD&D's ability to protect its interests. Moreover, although PD&D is arguably Parenteau's corporate alter-ego, and existing parties Parenteau and PBI might be deemed capable of representing PD&D's interests in the action, only PD&D is named as the other shareholder in Stonebridge, and a judgment either way in the action is likely to affect PD&D's interests, which may diverge from Parenteau's and PBI's interests.

{¶ 17} Indeed, because Civ.R. 24 should be liberally construed in favor of intervention, it is enough that PD&D's interests might be compromised by disallowing intervention, and we conclude that PD&D's motion was sufficient to demonstrate to the trial court that it should be allowed to intervene as of right.

{¶ 18} It remains whether PD&D's motion to intervene was timely. Because we hold that PD&D's circumstances met the criteria for intervention as of right, our analysis of the timeliness of the motion gives greater weight to any possible prejudice to PD&D in protecting its interest if intervention is not granted. In other words, the analysis does not begin with the question of "why grant the motion," but, rather, "why not grant the motion." See McCormac Ohio Civil Rules Practice (2003) 85, Section 4.35 ("If intervention is of right, the court should be reluctant to dismiss the application as being untimely since the applicant has much more at stake").

{¶ 19} HER asserts that the motion was untimely because intervention was not sought at the time Parenteau and PBI moved to dismiss the complaint (which motion culminated in our decision in *HER I* ), and that nothing precluded PD&D from moving to intervene at any time after the filing of the complaint. HER additionally charges that this suit has progressed beyond the time in which intervention would be easily accommodated, so that further delays would result. HER finally notes that nearly all of PD&D's claims are barred by the statute of limitations, which has not been tolled by the time taken to prosecute the appeal in *HER I* or by the discovery rule.

{¶ 20} Although we agree that nothing precluded PD&D from moving to intervene at any prior stage of this litigation, it was reasonable for PD&D to wait

until it knew the outcome of Parenteau and PBI's motion to dismiss HER's suit on behalf of Stonebridge before attempting to intervene. This is because intervention of right under Civ.R. 24(A) arises where the existing parties cannot adequately represent the interests of the proposed intervenor, and the primary issue decided in *HER I* was whether HER could bring a derivative action against Parenteau, who is the sole owner of PD&D, and, whether, in doing so, HER fairly and adequately represented the interests of Stonebridge.

{¶ 21} In addition, although adding another party at this stage of the proceedings might create delay, PD&D could have asserted its claims in a separate action and then moved to consolidate the two cases, which also would have created delay. The pertinent question is not whether delay will result from the intervention, but whether the parties to the pre-existing litigation would be prejudiced by the delay, and whether any prejudice to those parties outweighs the prejudice to the would-be intervenor if intervention is not granted. *Likover,* supra. In this case, PD&D's allegations are similar to those already raised in the counterclaim brought by Parenteau and PBI, and inasmuch as all of these parties are actually the same persons acting in different capacities, it is difficult to find that prejudice to any of the pre-existing parties would result.

{¶ 22} Regarding HER's claim that the relevant statutes of limitations operate as a bar to 23 out of PD&D's 24 claims, the relevant question is not whether the statute of limitations would bar these actions on the date PD&D moved to intervene, but, rather, whether the claims were time-barred at the time the initial action was filed, since, as the only other shareholder in Stonebridge, PD&D had an "interest relating to the subject of the action and [was] so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest." Civ.R. 19(A)(2). In a case where a party could have been joined as a person needed for just adjudication, pursuant to Civ.R. 19, a motion to intervene under Civ.R. 24 is said to "relate back" to the time of filing of the initial suit, and so is rendered timely. *Marion v. Baker* (1987), 42 Ohio App.3d 151, 537 N.E.2d 232.

{¶ 23} We decline to engage in an analysis of whether the 24 claims raised by PD&D against HER and the Roudas were viable at the time of HER's initial complaint; therefore, an analysis depends upon factual questions regarding whether PD&D knew or, in the exercise of reasonable diligence, should have known of any wrongdoing by HER within the appropriate time periods contained in the various statutes of limitations. The issue of whether these claims are time-barred is inextricably linked to the merits of the claims of all of the parties in all of their various corporate and individual capacities, and on remand the statute-of-limitations issues raised by all of the claims must be considered.

{¶ 24} Because we find that the trial court erred in denying PD&D's motion to intervene, PD&D's three assignments of error are sustained, the judgment of the trial court is reversed, and this matter is remanded for further proceedings, including a determination of which, if any, of PD&D's claims were time-barred at the time of HER's filing of its initial complaint.

Judgment reversed
and cause remanded with instructions.

DESHLER, J., concurs.

KLATT, J., dissents.

DANA A. DESHLER JR., J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

KLATT, Judge, dissenting.

{¶ 25} Because I do not believe that the trial court abused its discretion in denying the motion to intervene, I respectfully dissent.

{¶ 26} Although the majority opinion accurately identifies the legal standard for intervention under Civ.R. 24, as well as the applicable standard of review, I do not believe that the majority opinion applies that standard of review. Under the circumstances presented, I do not believe that the trial court's denial of the motion to intervene was "unreasonable, arbitrary or unconscionable." *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058.

{¶ 27} Therefore, I respectfully dissent.