OPINION
{¶ 1} Appellant, Westfield Insurance Company, appeals from a judgment of the Lake County Court of Common Pleas denying its motion to intervene in the instant matter. For the reasons set forth below, we reverse the judgment of the trial court, dissolve the stay previously granted in this matter, and remand this matter for further proceedings consistent with this opinion.
 {¶ 2} This matter involves various claims asserted by Richard and Tammy Tomcany (the "Tomcanys") arising out of the construction of an addition to their home that began in 1998. The Tomcanys hired Range Construction and David Range ("Range") to expand their home. They also hired AB Plumbing ("AB") to perform the related plumbing work. AB thereafter retained Armand Iaboni, Sr., Bernadette Iaboni, and Armand Iaboni, Jr. (collectively, "the Iabonis") as subcontractors to perform heating and plumbing services for the project. The Tomcanys also retained Home Design and Planning ("Home Design") and Ray Holsopple ("Holsopple") as architects. Advantage Construction ("Advantage"), Richard Ross ("Ross"), and Yanesh Brothers Construction ("Yanesh Brothers") were subsequently hired to remedy alleged defects and/or finish construction. At all times, according to the Tomcanys, the city of Mentor, Ohio ("Mentor"), Scott Amos ("Amos"), and Donald Marti ("Marti") were responsible for inspections and code compliance pursuant to Ohio and Mentor law.
 {¶ 3} On October 31, 2001, the Tomcanys filed a complaint against Range Construction, Range, AB, the Iabonis, Advantage, Ross, Mentor, Amos, Marti, Home Design, and Yanesh Brothers.[1] The Tomcanys asserted claims under both tort and contract theories. Relevant to the instant appeal, the Tomcanys alleged that AB failed to complete the work, performed the work poorly, did not comply with the relevant building code, did not obtain a permit for the work, and did not comply with the architectural plans.
 {¶ 4} All defendants answered. AB and the Iabonis cross-claimed against Range Construction, Range, and Yanesh Brothers. Holsopple cross-claimed against Range, Advantage, Ross, and Yanesh Brothers. All cross-claims were answered.
 {¶ 5} Bernadette Iaboni and Armand Iaboni, Jr. were dismissed from the matter on February 19, 2002. Mentor, Amos, and Marti subsequently moved to be dismissed. On April 29, 2002, the trial court dismissed Mentor and denied the motions of Amos and Marti.[2]
 {¶ 6} Amos and Marti moved for summary judgment on October 28, 2002. The Tomcanys opposed this motion, and Amos and Marti replied. On January 30, 2003, the trial court granted Amos and Marti's motion for summary judgment.
 {¶ 7} In a judgment entry, dated January 10, 2003, the trial court ordered the Tomcanys to provide expert reports by February 28, 2003 and to complete depositions of all defendants by April 30, 2003. A jury trial was scheduled for June 16, 2003.
 {¶ 8} The Tomcanys settled their claims against Holsopple and Home Design on March 20, 2002. The Tomcanys' complaint thereafter remained against Range Construction, Range, AB, Armond Iaboni, Sr., Advantage, Ross, and Yanesh Brothers.
 {¶ 9} On April 4, 2003, a little over two months before trial, appellant moved to intervene in this matter pursuant to Civ.R. 7(B), 24, and 49(B). Appellant did not specifically state in its motion whether it moved to intervene permissively or as of right. The language of appellant's motion, however, indicates that appellant claimed intervention of right.
 {¶ 10} Appellant stated that it insured AB and had been providing a defense to AB under a reservation of rights pursuant to the applicable insurance policy, which it attached to the motion. Appellant wanted to ascertain whether the Tomcanys' various claims and potential damages would be covered under appellant's policy, as the policy did not provide coverage for breach of contract or for work performed improperly. Appellant stated in its motion that it requested intervention "by active participation, and to submit interrogatories to the jury on coverage issues raised in [appellant's] reservation of rights letter."[3]
 {¶ 11} Appellant specifically argued that:
 {¶ 12} "[t]he court should allow [appellant] to intervene to protect its interests as to whether the damages alleged by [the Tomcanys] are covered under [appellant's] policy. Disposition of this case may impair or impede [appellant's] interests.
 {¶ 13} "If the court or jury entered a general verdict, without interrogatories, for [the Tomcanys] against AB, [appellant] might be barred by collateral estoppel from denying coverage for the verdict. Interrogatories to the jury are necessary to determine whether any damages the jury awards [the Tomcanys] against AB are covered under [appellant's] policy."
 {¶ 14} No party opposed appellant's motion. The trial court denied appellant's motion on April 29, 2003. In its judgment entry, the trial court reviewed Civ.R. 24 and then stated:
 {¶ 15} "* * * [Appellant] fails to demonstrate that it is so situated that the disposition of this action may as a practical matter impair or impede its ability to protect its interests. More importantly, [appellant's] Motion to Intervene fails to meet the `timeliness' requirements of Civ.R 24(A) (B). The within action was a `refiling' of [the Tomcanys'] previously dismissed Complaint in case number 00CV000262. [Appellant's] insured was a party defendant in both the original case, and the current case, which was filed in October 2001. In addition, [appellant] clearly had notice of its potential interest in this case, as evidenced by the letter it sent to A B in December 1999 acknowledging receipt of A B's claim. * * * Consequently, [appellant] could have sought intervention at any time during the eighteen month pendency of this action, rather than waiting until two months before the scheduled trial date." (Emphasis sic.)
 {¶ 16} Appellant appealed from this judgment entry on May 28, 2003, and appellant simultaneously moved to stay the trial pending the appeal. The trial court granted appellant's motion to stay and assigned this matter to this court's accelerated calendar. Appellant puts forth the following assignments of error:
 {¶ 17} "[1.] [Appellant's] request to intervene two and one-half months before trial was timely since such intervention was limited to submission of jury interrogatories and limited participation surrounding the issues raised in those interrogatories.
 {¶ 18} "[2.] [Appellant's] rights may be impaired or impeded if not permitted to intervene to submit jury instructions on coverage issues and limited participation on questions of coverage.
 {¶ 19} "[3.] Where no party objected to [appellant's] intervention and common questions of fact as to the coverage issues between AB Plumbing and [appellant] exists, permissive intervention should have been granted."
 {¶ 20} An appellate court reviews a trial court's decision on a motion to intervene for an abuse of discretion. State ex rel.First New Shiloh Baptist Church v. Meagher, 82 Ohio St.3d 501,503, 1998-Ohio-192. See, also, Young v. Equitec Real EstateInvestors Fund (1995), 100 Ohio App.3d 136, 138; Widder Widder v. Kutnick (1996), 113 Ohio App.3d 616, 624. "An abuse of discretion is more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 21} Intervention, whether permissive or as a matter of right, is specifically provided for in the Rules of Civil Procedure. Civ.R. 24 delineates the requirements an intervenor must satisfy to prevail on such a motion. Civ.R. 24(B) outlines the requirements for permissive intervention and states:
 {¶ 22} "[U]pon timely application anyone may be permitted to intervene in an action:
 {¶ 23} "* * *
 {¶ 24} "(2) [w]hen an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
 {¶ 25} Civ.R. 24(A) pertains to intervention of right and provides:
 {¶ 26} "[U]pon timely application anyone shall be permitted to intervene in an action:
 {¶ 27} "* * *
 {¶ 28} "(2) [w]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties."
 {¶ 29} Whether representation of an intervenor's interest by existing parties is considered inadequate hinges upon whether there has been a showing of collusion, adversity of interest, possible nonfeasance, or incompetence. Valley Asphalt Corp. v.Frame-Henson Asphalt Paving, Inc. (Apr. 10, 1989), 2d Dist. No. 88-CA-74, 1989 Ohio App. LEXIS 1327, at 8, citing United Statesv. Internatl. Business Machines Corp. (S.D.N.Y. 1974),62 F.R.D. 530, 537.
 {¶ 30} The movant has the burden of showing inadequacy, and that burden is minimal. Valley Asphalt Corp at 8, citing Blakev. Pallan (C.A.9, 1977), 554 F.2d 947 and Bush v. Vitera
(C.A.5, 1984), 740 F.2d 350. A trial court should consider three factors when determining whether a movant has satisfied this minimal burden. The trial court should ask: "* * * (1) are the [interests] of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former, (2) is the present party capable and willing to make such arguments, and (3) if permitted to intervene, would the intervenor add some necessary element to the proceeding which would not be covered by the parties in the suit?" Valley Asphalt at 9, citing Blake at 954-955.
 {¶ 31} We will address appellant's first two assignments in a consolidated fashion for the sake of clarity. In these assignments of error, appellant essentially argues that the trial court erred by denying its motion because it had a right to intervene and its motion was timely. We agree.
 {¶ 32} Appellant fulfilled the requirements of Civ.R. 24(A) and clearly had a right to intervene in the matter. First, it is apparent from appellant's motion to intervene that appellant claimed an interest relating to the parties' litigation, and this interest was not adequately represented by the parties. Appellant insured AB, and appellant wanted to ascertain whether the Tomcanys' various claims and potential damages would be covered under appellant's policy, as the policy did not provide coverage for breach of contract damages or for work performed improperly.
 {¶ 33} It would appear that both the Tomcanys and AB could have a common interest in obtaining a general verdict untested by interrogatories because that would foreclose appellant from ascertaining the legal basis of the jury's verdict and preclude appellant from denying coverage. See, e.g., Schmidlin v. D VEnterprises (June 1, 2000), 8th Dist. No. 76287, 2000 Ohio App. LEXIS 2336, at 14. Only appellant had an interest in identifying the basis for any verdict in the Tomcanys' favor because that would determine whether appellant would have a duty to indemnify AB under the relevant insurance policy. See, e.g., Schmidlin
at 14.
 {¶ 34} Accordingly, appellant satisfied the three-part test set forth in Valley Asphalt and demonstrated that its interests were adverse to those of both parties. The interests of appellant are not aligned with either party, as neither party is capable or would likely be willing to argue that appellant is not obligated to indemnify AB for the amount of any award granted to the Tomcanys and against AB for breach of contract or work not performed properly. If appellant would be permitted to intervene, appellant could submit jury instructions enabling it to ascertain whether any potential damages would be covered under the relevant insurance policy, and appellant's intervention would thus add an element to the proceeding which would not exist absent its intervention.
 {¶ 35} Appellant is also so situated that the action may impair or impede its ability to protect its interests. If appellant's motion were denied, appellant would theoretically be limited to a declaratory judgment action to determine coverage. However, this mechanism is ineffective because the legal basis for a verdict in favor of the Tomcanys could only be determined by jury interrogatories submitted in this matter. Again, only appellant has an interest to obtain that determination. See, e.g., Schmidlin at 15-16.
 {¶ 36} If appellant were not permitted to intervene in this action, a general verdict without interrogatories in favor of the Tomcanys, and against AB, might bar appellant by collateral estoppel from denying coverage for the verdict. Howell v.Richardson (1989), 45 Ohio St.3d 365, 367, (Collateral estoppel bars privies of litigants who could have intervened in the proceeding from relitigating issues in later proceedings.). See, also, Schmidlin at 15-16.
 {¶ 37} It is also worth noting that no party objected to appellant's motion, and we can thus presume that granting appellant's motion would not prejudice the remaining parties in any way.
 {¶ 38} Accordingly, appellant has satisfied the elements of Civ.R. 24(A) and had a right to intervene in the matter. Appellant claimed an interest in the action which was not adequately represented by the parties. Thus, disposition of the action could impair or impede appellant's ability to protect its interest. As stated earlier, if appellant were not permitted to intervene in this matter, a general verdict without interrogatories in favor of the Tomcanys and against AB might bar appellant from denying coverage for the verdict.
 {¶ 39} The only question now remaining is whether appellant's motion was timely. Our analysis reveals that appellant's motion was indeed timely, and the trial court thus abused its discretion by denying appellant's motion to intervene.
 {¶ 40} The timeliness of a motion to intervene depends on the individual facts of the case. First New Shiloh Baptist Church
at 503, citing Norton v. Sanders (1989), 62 Ohio App.3d 39, 42
and NAACP v. New York (1973), 413 U.S. 345, 366. "The following factors are considered in determining timeliness: `(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's [delay in moving for intervention]; and (5) the existence of unusual circumstances militating against or in favor of intervention.'" First New Shiloh Baptist Church at 503, quoting Triax Co. v. TRW, Inc. (C.A.6, 1984), 724 F.2d 1224,1228.
 {¶ 41} "`In general, the basis of an alleged right to intervene is balanced against trial convenience and potential prejudice to the rights of original parties. Intervention as ofright * * * may be granted at a time in the proceedings whenpermissive intervention * * * would not. That is, in cases of permissive intervention, greater consideration may be given to undue delay and prejudice in adjudicating the rights of the original parties, whereas in cases of intervention of right, thecourt may give the greater consideration to possible prejudice tothe intervenor in protecting his interest if intervention is notgranted.'" (Emphasis added.) Blackburn v. Hamoudi (1989)29 Ohio App.3d 350,352, quoting Likover v. Cleveland (1978),60 Ohio App.2d 154,158-159. "`Timeliness must be examined from all the circumstances.'" Fouche v. Denihan (1990),66 Ohio App.3d 120,123, quoting NAACP at 365-366. Likewise, when analyzing a motion to intervene by right, timeliness is not a chronological concept, and it must be examined within the context of the proceedings.
 {¶ 42} Accordingly, a different standard must be applied depending on whether the proposed intervenor has a right to intervene or may do so only permissively. "Where an intervenor has a right to intervene, the scales tip in favor of allowing intervention despite the existence of conditions which might otherwise militate against intervention, including timeliness."HER, Inc. v. Parenteau, 153 Ohio App.3d 704,2003-Ohio-4370, at ¶ 14. See, also, Blackburn (holding that an insurer's motion to intervene, by right, which was filed three weeks before the trial, was not untimely); Fouche.
 {¶ 43} We note that appellant filed its motion to intervene just two months before the scheduled trial. While this fact does not favor appellant, it must be noted that intervention as of right under Civ.R. 24(A) may be granted at a time in the proceedings when permissive intervention would not. See, e.g.,Schmidllin at 9. Indeed, appellant acknowledged that the matter had been pending since October 31, 2001, and it had ample opportunity to intervene. However, courts must give liberal consideration to requests to intervene as of right. Schmidlin
at 12. See, also, Blackburn at 354, (A motion to intervene, even when arising shortly before trial, should be given consideration consistent with a liberal construction of Civ.R. 24(A).).
 {¶ 44} While appellant could have sought intervention at an earlier stage in the proceedings, intervention would presumably have been unnecessary if, for instance, a settlement was reached with AB. Further, the earlier stages of litigation, including pleading practice, motion practice, discovery, and court appearances, did not impede appellant's interests. Appellant's intervention from day one of the litigation would have accomplished nothing but increasing appellant's attorney fees and costs.
 {¶ 45} As stated earlier, no party opposed appellant's motion to intervene. We therefore presume that granting this motion would cause no prejudice to the remaining parties. We also note that appellant's interests are limited to submission of jury interrogatories to determine the basis for any jury award to the Tomcanys and against AB. While appellant's involvement might cause the parties to adjust their trial strategy, there is no reason to think that any continuance or further discovery would be necessary. Further, the trial court could have easily limited appellant's intervention to submission of jury interrogatories and conditioned appellant's intervention upon no continuances in its favor. The existing parties would thus not be prejudiced by the granting of appellant's motion.
 {¶ 46} There is no reason to think that this matter could not have proceeded to trial as scheduled, with appellant's participation limited to that which it requested, or that appellant's participation would have prejudiced the parties. Permitting narrow intervention in the instant matter was the only practical means to allow these legal claims to be decided efficiently and consistently and without extreme prejudice to appellant.
 {¶ 47} Accordingly, the trial court abused its discretion by denying appellant's motion to intervene as of right, and appellant's first and second assignments of error are well-taken. We decline to address appellant's third assignment of error. We hereby reverse the judgment of the trial court, dissolve the stay previously granted in this matter, and remand this matter for further proceedings consistent with this opinion.
O'Neill, J., Grendell, J., concur.
[1] This complaint was a refiling of a complaint filed in 2000, case number 00 CV 00026, which was dismissed by the trial court. The original complaint has not been made part of the record in this matter.
[2] The Tomcanys appealed this judgment. This court affirmed the trial court's dismissal of Mentor in the instant matter.
[3] According to appellant's appellate brief, it stated in its motion to intervene that it intended to have limited participation in the matter and primarily submit jury interrogatories at the trial.