OPINION
{¶ 1} Intervening defendant-appellant, Motorist Mutual Insurance Company, appeals from a Belmont County Common Pleas Court judgment sustaining a motion for reconsideration by plaintiffs-appellees, William and Jeannette Yeater, which vacated the court's previous order permitting appellant to intervene in this case as a matter of right.
 {¶ 2} This action arises from a motor vehicle accident, which occurred on May 28, 1999. According to appellees, a tractor-trailer truck operated by defendant Rodney Hobday, struck the rear of the vehicle they were traveling in. The truck Hobday was driving was registered to defendant Bob Betson Enterprises.
 {¶ 3} Appellees alleged in their complaint that because of Hobday's negligent actions, they were injured in the motor vehicle accident, and subsequently received medical, hospital, pharmaceutical, therapeutic, rehabilitative, and related care. At the time of the accident, Mr. Yeater owned a motor vehicle insurance policy issued by appellant.
 {¶ 4} The liability insurance coverage provided by the defendants' motor vehicle insurance policy is approximately $750,000. At some point in time, appellees notified appellant that if they recovered a jury award in excess of $750,000, they would be entitled to recover the excess award from the appellant under the terms of their policy. In accordance with the terms and conditions of appellees' policy, the limit of liability for underinsured motorist (UIM) coverage is $300,000.
 {¶ 5} Appellees filed their complaint against defendants on May 25, 2001. After numerous continuances, trial was set for October 5, 2004. On June 14, 2004, appellant filed a motion to intervene as a defendant pursuant to Civ.R. 24. Appellant attached an answer to its motion and asserted six affirmative defenses that were not raised by the other defendants in the case. On the same day, the trial court granted appellant's motion to intervene. Appellees filed a motion for reconsideration. The trial court granted appellees' motion, and reversed its previous order that permitted appellant to intervene. The court found that appellant's interests would be served by the defense of the other defendants.
 {¶ 6} Appellant filed a timely notice of appeal on August 18, 2004.
 {¶ 7} Appellant raises two assignments of error, the first of which states:
 {¶ 8} "THE TRIAL COURT ERRED BY SUSTAINING APPELLEES [sic.] MOTION FOR RECONSIDERATION WHICH REVERSED THE TRIAL COURT'S PREVIOUS ORDER PERMITTING INTERVENING DEFENDANT-APPELLANT TO INTERVENE IN THIS CASE AS A MATTER OF RIGHT."
 {¶ 9} Appellant argues that the trial court erred in preventing them to intervene. It asserts that it met all elements required to be entitled to intervene as a matter of right.
 {¶ 10} Initially, we should note that the Ohio Supreme Court has held motions for reconsideration of a final judgment in the trial court are a nullity. Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, 379, 423 N.E.2d 1105. However, the Court also acknowledged that interlocutory orders are subject to motions for reconsideration. Id. at fn. 1. Interlocutory orders are subject to revision any time before the court enters judgment adjudicating the claims, rights, and liabilities of all parties. Id.
 {¶ 11} The court order granting appellant's motion to intervene is an interlocutory order. While the court initially allowed appellant to intervene, it did not enter judgment adjudicating the claims, rights, and liabilities of all the parties. Furthermore, in granting appellant's motion, the trial court did not afford appellees ample time to file a response as required by Loc.R. 6.2 of the Belmont County Rules of Procedure. Accordingly, appellees filed a motion for reconsideration of the court's order. Therefore, the court acted within its discretion in ruling on appellees' motion for reconsideration.
 {¶ 12} We review the trial court's decision on a motion to intervene for an abuse of discretion. State ex rel. First NewShiloh Baptist Church v. Meagher (1998), 82 Ohio St.3d 501, 503,696 N.E.2d 1058. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} Civ.R. 24(A)(2) governs intervention of right. It provides, in pertinent part:
 {¶ 14} "Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 15} Civ.R. 24 should be given a liberal construction in favor of intervention. State ex rel. Smith v. Frost (1995),74 Ohio St.3d 107, 108, 656 N.E.2d 673. This court summarized the four requirements that the applicant must satisfy under Civ.R. 24(A)(2):
 {¶ 16} "First, the applicant must have a protectable interest relating to the property or transaction that is the subject of the action. Second, there must be a timely application. Third, the applicant must be in a position such that the disposition of the action may, as a practical matter, impair or impede the applicant's interest. Finally, the applicant's interest must be inadequately represented by the existing parties to the suit."Alhamid v. Great Am. Ins. Cos., 7th Dist No. 02-CA-114, 2003-Ohio-4740, at ¶ 15.
 {¶ 17} Thus, appellant is entitled to intervene only if it met these four elements.
 {¶ 18} As to the first element, appellant clearly has a protectable interest relating to the subject of the action. Appellant sought intervention to minimize its exposure as a UIM motorist insurer in the event the appellees recovered a jury award in excess of $750,000. Because appellant issued a UIM policy to appellees, and appellant would be forced to pay the excess jury award, it has an interest relating to the underlying suit. A UIM insurer has a pecuniary interest whenever it appears that a tortfeasor has insufficient funds to satisfy a potential judgment. Holman v. Keegan (2000), 139 Ohio App.3d 911, 920,746 N.E.2d 209.
 {¶ 19} In deciding whether appellant met the second element, timeliness, we first note that timeliness has two aspects: (1) timeliness regarding the statute of limitations and (2) timeliness regarding the trial proceedings. Widder Widder v.Kutnick (1996), 113 Ohio App.3d 616, 624, 681 N.E.2d 977.
 {¶ 20} Turning to the first aspect of timeliness, appellees assert that appellant should have filed its motion to intervene before May 28, 2001, when the statute of limitations expired, because the accident occurred on May 28, 1999. Appellant did not file its motion until June 14, 2004. The statute of limitations may seem to bar appellant's intervention as untimely. However, a motion to intervene relates back to the insured's institution of the action against the tortfeasor even if the motion was filed after the statute of limitations expired. Marion v. Baker
(1987), 42 Ohio App.3d 151, 153, 537 N.E.2d 232. Appellees filed their suit on May 25, 2001, within the statute of limitations. Appellant is attempting to protect a contractual right, the UIM policy. Because of the nature of the right appellant is attempting to protect and because appellees timely filed their action, appellant's intervention is not time-barred by the statue of limitations. See Lent v. Dampier (Dec. 19, 1994), 5th Dist. No. 94C-A-217; Holibaugh v. Cox (1958), 167 Ohio St. 340, 345,148 N.E.2d 677.
 {¶ 21} We must also determine whether appellant's motion was timely in the context of the trial proceedings. "In general, the basis of the alleged right to intervene is balanced against trial convenience and potential prejudice to the rights of original parties." Likover v. City of Cleveland (1978),60 Ohio App.2d 154, 158-59, 396 N.E.2d 491. The Ohio Supreme Court adopted five factors to determine timeliness:
 {¶ 22} "`(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.'" State ex relFirst New Shiloh Baptist Church v. Meagher (1998),82 Ohio St.3d 501, 503, 696 N.E.2d 1058, quoting Triax Co. v. TRW, Inc.
(C.A.6, 1984), 724 F.2d 1224, 1228.
 {¶ 23} In the case at bar, appellant filed its motion to intervene approximately three months before trial. Appellant sought intervention because it would be held liable to appellees for any excess jury award over $750,000 under the UIM policy. Appellees contend that they informed appellant on or about February 26, 2003 of their potential UIM claim. However, there is no indication of this notification in the record so we cannot conclude with certainty when appellees actually informed appellant of the potential UIM claim. Furthermore, when appellant filed the motion, the parties had not yet completed discovery. Additionally, appellant informed the court that it would be ready to proceed to trial on the already-scheduled date and would abide by the rest of the court's pre-trial schedule. (Tr. 4). Hence, appellant's intervention would not cause the trial to be continued.
 {¶ 24} Given these factors, appellant's intervention would not cause prejudice and undue delay. Although trial was quickly approaching, this reason alone does not warrant a finding that the motion was untimely. See Tomcany v. Range Constr., 11th Dist. No. 2003-L-071, 2004-Ohio-5314 (even though an insurer waited until two months before trial to intervene, the insurer's application was not untimely); Blackburn v. Hamoundi (1986),29 Ohio App.3d 350, 354, 505 N.E.2d 1010 (insurer's application to intervene in a tort action filed three weeks before trial was not untimely because, "[a] motion to intervene as of right, even when arising shortly before trial due to a settlement agreement, should be given consideration consistent with a liberal construction of Civ.R. 24(A)"). Thus, appellant's motion was timely.
 {¶ 25} Next, we must look at whether disposition of the action will impair or impede appellant's ability to protect its interests. The Ohio Supreme Court has held:
 {¶ 26} "If an insured, in good faith, prosecutes a lawsuit against an underinsured motorist with the knowledge of the insured's insurance company, generally both the insured and his insurance company are bound by any final judgment rendered as a result of such lawsuit that determines the liability of the underinsured motorist to the insured." (Emphasis sic.) MotoristsMut. Ins. Companies v. Handlovic (1986), 23 Ohio St.3d 179,492 N.E.2d 417, at the syllabus.
 {¶ 27} Appellees contend that Handlovic is factually distinguishable from the case at bar. In Handlovic, the plaintiffs seeking UIM coverage had previously obtained a judgment against the tortfeasor that did not exceed the tortfeasor's insurance limits. The plaintiffs demanded that their UIM insurer provide them additional payments alleging that they were not fully compensated for their injuries. The Court held that the plaintiffs were bound by the limit of the judgment they previously obtained. Appellees assert that in the case at bar, they merely notified appellant of their intention to submit a UIM claim if the instant litigation gave rise to a judgment beyond the defendants' $750,000 policy limit. In essence, appellees maintain that Handlovic stands for the premise that a plaintiff protected by UIM coverage is entitled to receive the benefit of such coverage if the adjudicated recovery amount exceeds the limits of the third-party's coverage.
 {¶ 28} Although the facts of Handlovic differ from the facts of this case, appellees notified appellant that it would be responsible to pay them for any jury award in excess of $750,000. Appellant should be given the opportunity to protect its interests, prior to appellees receiving any award. If appellant were unable to intervene, its ability to protect its interest would be impaired. Because appellant can be bound by any judgment received by appellees, appellant met the third element.
 {¶ 29} The last element is the element that the trial court based its decision on. The court specifically found that appellant's interests would be served through the other defendants' defense of this case.
 {¶ 30} A party moving to intervene, such as appellant, bears a minimal burden of showing that its interests will not be adequately protected by the other parties. Tomcany, 11th Dist. No. 2003-L-071 at ¶ 30, citing Valley Asphalt Corp. v.Frame-Henson Asphalt Paving, Inc. (Apr. 10, 1989), 2d Dist. No. 88-CA-74. A court should consider three factors when determining whether a movant has satisfied this minimal burden: (1) whether the interests of a present party are sufficiently similar to that of the movant such that the legal arguments of the latter will be made by the former; (2) whether the present party is capable and willing to make those arguments; and (3) if permitted to intervene, whether the intervenor would add some necessary element to the proceedings that would not be covered by the present parties. Id.
 {¶ 31} Appellant raised nine affirmative defenses, six of which no other defendant asserted, in its answer. Concerning the first and second factors a court should consider in determining inadequacy, both the defendants and appellant are trying to minimize exposure to liability. However, it is highly unlikely that the other defendants would argue in support of appellant's defense claiming indemnification and contribution from them. Thus, with respect to the third factor, appellant appears to be adding a "[n]ecessary element to the proceedings which would not be covered by the parties in the suit." In consideration of the affirmative defenses appellant raises, especially their claim to contribution and indemnification from defendants, appellant satisfied the minimal burden required to show inadequate representation.
 {¶ 32} Based on the foregoing, the trial court abused its discretion in denying appellant's motion to intervene as a matter of right. Accordingly, appellant's first assignment of error has merit.
 {¶ 33} Appellant's second assignment of error states:
 {¶ 34} "THE TRIAL COURT ERRED BY REFUSING TO ALLOW PERMISSIVE INTERVENTION."
 {¶ 35} Given our resolution of appellant's first assignment of error, its second assignment of error is moot.
 {¶ 36} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's motion to intervene is granted. The matter is remanded for further proceeding pursuant to law and consistent with this opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs.